## WARREN VS. FOREMAN, impleaded &c.

Judgment in foreclosure will ⁻not be vacated, nor the sale opened, for mere technical irregularities, nor where the applicant does not show that his substantial rights have been injuriously affected.

Where two tracts of land, A and B, are mortgaged, and A subsequently sold, and a second mortgage afterwards executed on B, the purchaser of A has a right, as against the second mortgagee, to have B first sold to satisfy the prior mortgage, even to the total exclusion of the second mortgage.

But if the sale of A is *subsequent* to the second mortgage on B, the second mortgagee has a right to have A sold to satisfy the first mortgage, before B is offered for sale.

This right passes to the first mortgagee upon his taking an assignment of the second mortgage, and neutralizes to some extent the equity which the purchaser of A would have, as between himself and his vendor, to have B sold first to satisfy the mortgage debt.

The purchaser of A in such a case, if he appears to the action, may insist upon his general equity to have B first offered and sold, if of sufficient value to satisfy both mortgages.

But where such purchaser made default in an action to foreclose both mortgages, and the judgment directed the sale of A and B to make the whole amount due on both, without requiring them to be sold in any specified order, and they were sold in one parcel for less than the mortgage debt: *Held,* that the sale should not be set aside upon his application, with excuse of default, unless he showed actual injury.

An affidavit of the purchaser of A, on such application, that he is informed and believes that the tract B is " of sufficient actual and intrinsic value to more than cover the whole amount of the plaintiff's claim in this action " is not sufficient to authorize the opening of the judgment, or ordering a resale.

Affidavits of value, where a resale is asked on the ground of inadequacy of price, should be full and explicit, and should be by persons actually acquainted with the premises and their value.

In general such affidavits should be made by disinterested persons. Per DIXON, C. J.

Where the the party applying for a resale does not offer to redeem, or to advance anything beyond the former bid, nor show that any other person offers or is likely to offer a reasonable advance upon such bid, nor offer to indemnify the plaintiff for any loss which may accrue to him in consequence of a second sale, such application should not be granted.

APPEALS from the the Circuit Court for *Sauk* County.

The complaint alleges that defendant *Moseley*, August 5th, 1858, executed to the plaintiff his note for $500 with interest payable August 5th, 1861, and as collateral security executed

to him a mortgage of the S. W. 1-4 of Sec. 17, the S. 1-2 of S. E. 1-4, Sec. 18, and the N. 1-2 N. E. 1-4, Sec. 19, T. 9, in said county; which was recorded August 16, 1858. On the 4th of November following there was executed and recorded a mortgage from *Moseley* to one Bostwick on said S. 1-2 S. E 1-4, Sec. 18, and N. 1-2 N. E. 1-4, Sec. 19, to secure a note for $280, of same date, payable a year from date. About November 17th, 1860, it was assigned to the plaintiff, $100 having previously been paid thereon. This action was to foreclose both mortgages; and *Foreman* was made a defendant as having a subsequent interest in or lien upon the said mortgaged premises or some part thereof; and not being a resident of the state, was duly served with summons by publication, but did not appear or answer. On a reference for computation, the report stated that there was due on the two mortagages $1,160.84; and there was a schedule attached showing the amount due on each mortgage separately. The judgment was for the sale of "the mortgaged premises described in the complaint, or so much thereof," &c., for the whole amount of $1,160.84 and costs. The report of sale, which was confirmed, shows that the whole of the premises were sold in one body to the plaintiff for $1,000, and it is not stated whether they were offered in parcels or not. Afterwards *Foreman* filed an affidavit that he had title to the S. W. 1-4 of Sec. 17 (covered by the first mortgage, but not by the second); that the premises were not offered in parcels at said foreclosure sale; that affiant was informed and believed that the mortgaged premises, exclusive of that portion claimed by him, were "of sufficient actual and intrinsic value to more than cover the whole amount of the plaintiff's claim;" and that on receiving by mail a copy of the summons, &c., he referred to the R. S. of Wisconsin, of 1858, and found it there provided that the defendant in foreclosure had six months to answer, and found no subsequent statute amending the same, and really supposed that such was the law of this state, and

continued in that belief until about the time of making and filing such affidavit (which appears to have been within six months from the service of the summons upon him.)   On this affidavit *Foreman* obtained an order on the plaintiff to show cause why the sale and judgment should not be set aside, and why he should not have leave to enter an appearance in the action, or why the judgment should not be modified so as not to charge the second mortgage on his premises, and so as to direct a sale in parcels of all but his premises first, and that the proceeds of such sales be applied first in liquidation of the old mortgage, and that his premises be sold last to cover any deficiency which might then exist.   On cause being shown, the court denied said *Foreman's* motion; and he appealed both from that order and from the judgment.

*C. C. Remington*, for appellant, argued that the judgment was not supported by the finding, in that it virtually extended the lien of the second mortgage to the S. W. 1-4 of sec. 17, which was not covered by it; that it was irregular to enter a judgment foreclosing two mortgages of the same premises of different dates; that the foreclosure of the prior mortgage cuts off the junior one, and the proper judgment would be one foreclosing the older mortgage with an appropriation of surplus moneys on the junior one.   These errors should have been remedied on appellant's motion, and he should have been allowed to answer on terms; his affidavit showing good cause therefor.   Sec. 38, ch. 125, R. S.   At all events the sale was clearly defective, and should have been set aside, and the premises offered in parcels, to the extent, at least, of selling the last mortgaged premises in one lot.

*Gregory & Pinney*, for respondent.

[The brief of counsel for the respondent, being for the party successful in this court, and being also hardly susceptible of sufficient abridgement for the purposes of this volume, is therefore omitted.]

*By the Court,* DIXON, C. J.    This is a case of conflicting equities, and it is somewhat difficult, perhaps, to determine how they should have been settled, and what should have been the order of sale, in case the appellant had appeared and answered.    The appellant shows no special equity to have had the land covered by the Bostwick mortgage sold first; and I think he shows no other sufficient ground for vacating the judgment or setting aside the sale.    It is not enough that the judgment may be technically irregular.    It may be that it should have directed the sale of the land covered by the Bostwick mortgage separately to satisfy that mortgage, and subject to the lien of the mortgage to *Warren,* and then the sale of the whole or so much as might be necessary to satisfy the latter; or that the whole should have been sold upon the latter, and the surplus, if any, applied in satisfaction of the former.    But however this may be, appeals in equity ought not to be entertained to correct mere irregularities in practice not affecting substantial rights or operating injuriously to the party appealing.    Judgments will not be vacated or sales opened upon such grounds alone, if in the end the new proceedings come to the same thing.    R. S., ch. 125, sec. 40.    The appellant shows no special equity as against the land mortgaged to Bostwick. He does not show whether his interest in the other quarter section was acquired before or after Bostwick's mortgage was executed.    If before, then he had an absolute equity to have the quarter section mortgaged to Bostwick sold first to satisfy the *Warren* mortgage, even to the total exclusion of Bostwick's lien.    If, however, he did not acquire his title until after the execution of the mortgage to Bostwick, then Bostwick had a paramount right to have the other quarter section first sold to satisfy the mortgage to *Warren.*    Assuming, as we must in the absence of any proof to the contrary, that such was Bostwick's equitable right—that his mortgage was executed before the conveyance to the appellant—that right, I apprehend, was not lost by the assignment of the mortgage to *Warren;* and it

neutralizes, in some measure, the equity of the appellant as between himself and *Moseley*, to have that part of the premises still owned by the latter, to wit, that mortgaged to Bostwick, first sold. It rids the case of considerations of special equities growing out of the order of time in which the different portions were incumbered and sold after the execution of the first mortgage to *Warren*, and leaves the appellant to stand upon his general equity to have the quarter section mortgaged to Bostwick and still owned by *Moseley* first offered and sold, if of sufficient value to satisfy both mortgages. This, I think, would have been his general equitable right had he appeared and insisted upon it; and the question is, whether he shows that he has been injured or lost anything by its not having been allowed to him. I think he does not. He moves upon his own unaided affidavit; and as to the value of the premises he says that " he is informed and believes that the mortgaged premises, exclusive of that portion thereof claimed by deponent, are of sufficient actual and intrinsic value to more than cover the whole amount of the plaintiff's claim in this action." This is all that is contained in the affidavit upon the subject of the value, and seems to me wholly insufficient to authorize the opening of the judgment or the ordering of a resale. In the first place, the statement is made upon information and belief. The appellant professes to have no positive knowledge of the situation or value of the premises. He says nothing about the value of that portion claimed by himself, whether it is of any value at all. Affidavits of value, where a resale is asked on the ground of inadequacy of price, should be full and explicit, and should be by persons actually acquainted with the premises and their value, and in general, I think, the witnesses should be disinterested. But more than this, the appellant does not offer to redeem the mortgages or either of them, or to advance anything beyond the amount of the former bid for the whole premises. He does not show that any other person offers, or is likely even to offer a reasonable advance upon such

bid.   Neither does he indemnify or offer to indemnify the plaintiff for any deficiency or loss or expense which may accrue to him in consequence of a second sale.   I feel very confident, under these circumstances, that the biddings ought not to be opened or the judgment disturbed. There is no certainty whatever that it would not result in a sale of the whole premises for a price not greater than that for which they have been already struck off.   See *Duncan v. Dodd*, 2 Paige, 99.

Order and judgment affirmed.