WHITE vs. POLLEYS and another.

*Homestead—Rights of creditor—Dismissal of appeal.*

1. Where a mortgage covers the homestead and also *other property* which is subject to the lien of a subsequent judgment, the debtor has no right to have the latter exhausted to satisfy the mortgage, in order to preserve his homestead.

2.  An appeal will be dismissed because a copy of the undertaking was not served with the notice of appeal, if the motion is made in time.
3.  It is too late to make such a motion after a cause has been reached on the calendar and submitted by the appellant, in the absence of counsel on the other side.

APPEAL from the Circuit Court for *La Crosse* County.

*White* having obtained a judgment for the foreclosure of a mortgage given by *Polleys* on lots 1 and 2 of B. and O.'s addition to the (now) city of La Crosse, and the premises having been advertised for sale by a referee, *Polleys* applied to the court for an order directing the referee to cause his homestead, situated on said lots, not exceeding 1-4th of an acre, to be surveyed by some disinterested, competent person, and set off to him as provided by law in case of sale on execution, and requiring the referee to sell the residue of the mortgated premises, before offering for sale the homestead. *H. J. Bliss*, who was a defendant in the foreclosure suit, opposed the application by an affidavit showing that he held a judgment against *Polleys* and one Barron, duly docketed, and that there was no property, real or personal, belonging to them or either of them, out of which the judgment could be collected, except the mortgaged premises. The circuit court granted the application, and *White* and *Bliss* appealed.

*Hugh Cameron*, for appellants.
*Montgomery & Wing*, for respondent.

COLE, J.    When this cause was reached in its order, it was argued by the counsel for the appellants, the counsel for the opposite party not being present.    After the cause had thus been submitted, the counsel for the respondent made and filed a motion to dismiss the appeal, for the reason that no copy of the undertaking was served with the notice of appeal, as required by the statute.    If this objection had been seasonably taken, the motion must have prevailed and the appeal been dismissed.    But after a cause has been submitted, we think it too late to move to dismiss the appeal upon any such ground.

And besides, upon looking into the motion papers, we do not find any proof of service of notice of this motion upon the opposite party, which is an additional reason why the motion must be disregarded at this stage of the cause.

This brings us to a consideration of the order appealed from. The circuit court ordered and directed that the referee appointed to make the sale cause the homestead of the defendant, not exceeding one fourth of an acre, to be set off to him in the same manner as provided by law in case of sale on execution, and that the residue of the mortgaged premises should be first sold to satisfy the judgment of foreclosure. Of course the obvious effect of this order is to give the defendant the benefit of the homestead exemption at the expense of the judgment creditor; since the mortgage debt was charged exclusively in the first instance upon that portion of the mortgaged property subject to the lien of the judgment. And the question is, has the debtor a right to have that portion of the mortgaged property subject to the lien of the judgment first exhausted to satisfy the mortgage, in order to preserve to him the homestead? Or is this right overborne by the superior equity of the judgment creditor to have the mortgage debt first charged upon the the property not subject to his lien?

It is a familiar rule, that where a creditor has a claim upon two funds, on one of which another person has also a claim, and such other person will be prejudiced by allowing such creditor to satisfy his debt out of the fund subject to both claims, a court of equity will compel the creditor to take satisfaction out of the fund to which he alone has a claim, in the first instance. He must exhaust that fund before resorting to the other. The same principle would seem to apply here, unless the right of the debtor to have the homestead secured to him is superior and stronger than the equities of the judgment creditor.

In *Jones v. Dow*, 18 Wis., 241, this precise point was presented, and the Chief Justice said : " Until the legislature shall

have declared the obligation to preserve the homestead superior to that of paying one's honest debts, we must hold the equity of the creditor at least equal to that of the debtor in cases like this." Althought the question arose somewhat differently in *Jones v. Dow* from what it does here, yet the principle of that decision is strictly applicable to the point we are considering. There the mortgage embraced the homestead and a business lot, and the homestead had been sold to satisfy the mortgage debt, leaving the business lot unsold. The debtor made application to have the sale set aside, so that the business lot might be sold first. But it appearing that there were creditors of the mortgagor, who had judgment liens upon the business lot, which were not liens upon the homestead, the court refused to set aside the sale, and this court affirmed the order. It is true, the Chief Justice says that the application to open the sale and for a sale of the business lot first was one addressed to the sound discretion of the court, which discretion was properly exercised in permitting the sale already made to stand. But in using this language, which was very natural in view of the facts of that case, it was not intended to establish the doctrine that this court would not interfere if the sale had been set aside. For it is distinctly said in the opinion that the mortgagor's equity to hold the homestead was fully countervailed by the equities of his creditors, who must look to the business lot for the satisfaction of their judgments, and who had no lien upon the homestead. So here, we do not think the right of the mortgagor to have the homestead preserved to him superior in equity to the right of the judgment creditor to have the mortgage debt first charged upon that portion of the mortgaged premises not subject to his lien.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings.