## LLOYD VS. FRANK.

### *Foreclosure—Homestead.*

1. Under the statute (R. S., ch. 145, sec. 1, as amended by ch. 133, laws of 1870), upon foreclosure of a mortgage covering a homestead with other lands, the court, in ordering a sale, should inquire (either by a reference or by evidence in open court) whether the other lands can first be sold separately from the homestead, without injury to the owner; and the mortgagor should have notice of the proceeding, and an opportunity to be heard on that subject.
2. A refusal to set aside a foreclosure sale should not be reversed merely because there was some irregularity in the sale (as in selling the homestead together with the other mortgaged premises, without inquiring whether it should be sold separately), unless it is shown that the moving party *was injured* by such irregularity.

APPEAL from the Circuit Court for *Jefferson* County.

Judgment in foreclosure having been rendered against defendant, he moved to set aside the sale thereunder and to vacate said judgment, upon the ground that the Circuit Court had failed to comply with the provisions of the statute (R. S. ch. 145, sec. 1, as amended by ch. 133, laws of 1870), in not causing an inquiry to be made as to whether that part of the mortgaged premises not included in the homestead, could be sold separately without injury to the owner. The motion was overruled and defendant appealed.

*Orton, Mulberger & Gardner*, for appellant.

*Enos & Hall*, for respondent.

COLE, J. The defendant insists that the sale in this case

Lloyd vs. Frank.

should have been set aside on account of the failure of the Circuit Court to comply with the provisions of section 1, ch. 145, R. S., as amended by ch. 133, laws of 1870. That section provides that if any portion of the mortgaged premises shall consist of a homestead, it shall be the duty of the court, in such manner as it shall direct, to ascertain whether the part of such mortgaged premises not included in the homestead can be sold separately without injury to the owner, and if the court shall so find, then in that case the judgment shall provide that the homestead shall not be sold nor offered for sale until all other lands covered by the mortgage and described in the complaint shall have been offered and sold; and that the homestead should not be sold until all the other lands covered by the mortgage are sold. It is now said that the court below instituted no inquiry to ascertain the condition of the mortgaged premises or the situation of the homestead. This statute doubtless contemplates that the court should, either by reference for that purpose or by evidence taken in open court, inquire into those matters, and we think correct practice requires that the mortgagor should have notice of the proceeding and an opportunity to be heard upon the subject. In this case the judgment provides that so much of the mortgaged premises as may be sufficient to raise the amount due on the mortgage, and which may be sold in parcels, shall be separately sold, but contains no directions for selling the homestead separately. Indeed it does not appear from any evidence used on the hearing on the motion to set aside the sale, that the situation of the ninety-acre tract—which includes the homestead—was such that it was possible to sell the homestead by itself. On the contrary, it might almost be said to be a fair inference from what is contained in the affidavits, which were used in support of and in resisting that motion, to say that it did appear that the forty upon which the dwelling house, barns and outhouses were situated could not be sold separately from the south fifty acres without injury to the owner. But, however this may be, surely the defendant

does not show that he has been injured by the omission of the court to direct in the judgment that the forty acres occupied as his homestead, should be sold separately. He ought to make it appear that he has sustained some injury by reason of the alleged irregularity. It may well be that if the court had made the inquiry it would have found that the homestead could not be sold separately from the south fifty acres. The defendant ought to show not only that an irregularity has intervened, but that he was in some way injured or prejudiced by it. For, as was said in *Warren vs. Foreman*, 19 Wis., 35–38, appeals in equity ought not to be entertained to correct mere irregularities in practice, not affecting substantial rights or operating injuriously to the party appealing. And certainly the defendant does not show that he has been injured by the omission in the judgment to direct that the homestead should be sold last or separately from the south fifty acres.

*By the Court.*—The order of the circuit court refusing to set aside the sale is affirmed.