## HANSON vs. EDGAR and others.

HOMESTEAD: *Rights of creditors.*

1. Before the passage of ch. 133, Laws of 1870, it was the rule in this state, that where there were liens upon the homestead and other property of a debtor, he had no superior equity, as against creditors whose rights might be thereby prejudiced, to have the *other* property first exhausted, so as to protect the homestead. *White v. Polleys*, 20 Wis., 503, and other cases in this court.

2. But this rule was changed by the act of 1870, which provides that where any portion of mortgaged premises consists of a homestead, which can be sold separately without injury to the owner, such homestead shall not be offered for sale on foreclosure until all other lands covered by the mortgage shall have been sold.

3. In an action to foreclose a valid mortgage of the whole of a debtor's land, including the homestead, a subsequent mortgagee, made defendant, cannot now insist that the homestead, on which his mortgage is *not* a valid lien for lack of the wife's signature, shall be sold first to pay the prior mortgage; such an application of the former equitable rule being inconsistent with the act of 1870. So *held* in a case where the second mortgage was taken *after* the passage of said act.

APPEAL from the Circuit Court for *Green* County.

This action was brought for the foreclosure of a mortgage, executed by one Nelson and wife, upon one hundred and sixty acres of land, including forty acres claimed by the mortgagor as his homestead, upon all of which defendant *Edgar* held a subsequent mortgage, executed by Nelson but not signed by his wife.

The mortgagor defendant made no appearance in the action. Defendant *Edgar* answered, alleging that the lands not included in the homestead were insufficient to satisfy both mortgages, and asking that the homestead be first sold under plaintiff's mortgage, or, in case the other lands were ordered to be first sold, then that the proceeds be applied first to the payment of his (*Edgar's*) mortgage, or for other equivalent relief.

The judgment directed that so much of the mortgaged premises as were not included in the homestead should be first sold, and the proceeds applied to the payment of plaintiff's mortgage. *Edgar* appealed.

*H. Medbery,* for appellant:

The mortgagor defendant does not appear in the action nor ask any relief; and the question of what lands shall be first sold is one between the creditors alone. *Deuster v. McCamus,* 14 Wis., 307. Ch. 133, Laws of 1870, was not designed to affect the equities between creditors or different mortgagees in such a case as this, but was passed for the protection of the mortgagor upon the foreclosure of a sole mortgage. The principle is well settled in this state, that when one creditor has a lien upon two funds, one of which is covered by a subsequent incumbrance or lien, the second incumbrancer has a right in equity to compel the prior one to first exhaust the fund not covered by his subsequent lien. *Worth v. Hill,* 14 Wis., 559; *White v. Polleys,* 20 id., 503. If the sale to *Edgar* of the 120 acres had been absolute, the vendor agreeing to pay plaintiff's mortgage, a court of equity would decree a sale of the homestead first to satisfy the same (*Worth v. Hill,* cited *supra; State*

*v. Titus*, 17 Wis., 241) ; and the fact that the sale was conditional will not change the principle.

*C. W. Carpenter*, for respondent.   [No brief on file.]

COLE, J.   The judgment of foreclosure was, we think, in accordance with the statute.   The defendant *Edgar* insists that the homestead should be first sold in order to relieve the land subject to his mortgage, as far as possible, from the payment of the plaintiff's debt.   He invokes the equitable rule, that where a creditor has a claim upon two funds, on one of which another person has also a claim, a court of equity will compel the creditor to take satisfaction out of the fund upon which he alone has a claim, when such other person will be prejudiced by allowing the creditor to satisfy his debt out of the fund subject to both claims.   He contends that upon the facts of the case he should have the benefit of this equitable rule.

It appears that the plaintiff is foreclosing in this action a prior mortgage given by Jacob Nelson and wife on a hundred and sixty acres of land, forty acres of which Nelson occupied at the time of the execution of the mortgage, and still occupies, as a homestead.   Subsequently Nelson executed a mortgage to the defendant on the same identical lands ; but this mortgage was never signed by Mrs. Nelson.   Of course this mortgage was invalid so far as the homestead was concerned, because the wife did not join in it.   *Edgar* insists that the premises, aside from the forty acres which constitute the homestead, are not sufficient security for the payment of his mortgage and the one being foreclosed; and he therefore claims that the plaintiff shall first exhaust the homestead property before he resorts to the one hundred and twenty acres upon which he (*Edgar*) has a valid lien.

The circuit court denied that relief, but gave judgment of foreclosure and sale directing that all that portion of the mortgaged premises not constituting the homestead should be first sold.   The court, according to the intimation given in *Lloyd v.*

*Frank*, 30 Wis., 306, examined the mortgagor in open court as to the situation of the mortgaged premises, and ascertained that the homestead might be sold separately without injury to the owner. And the debtor thereupon selected as his homestead the forty acres of land upon which his dwelling house was situated, and this was ordered to be last sold to discharge the plaintiff's debt.

We have no doubt that this judgment was such as was required by ch. 133, Laws of 1870. See *Lloyd v. Frank, supra*. That statute was undoubtedly passed by the legislature to change the rule laid down in *White v. Polleys*, 20 Wis., 503, and other cases, where it was held that if the homestead and other property were subject to different liens, the debtor had no superior equity as against creditors, whose rights might be thereby prejudiced, to .have his other property exhausted, so as to secure to him the benefit of the homestead exemption. Consequently in those cases the court was at liberty to give full effect to the equitable doctrine herein contended for, that the subsequent mortgagee may compel the prior mortgagee to first exhaust the property not covered by the subsequent incumbrance. But the policy of the law of 1870 seems to favor the homestead right as against the equities of creditors arising under that equitable rule. For it requires, where any portion of the mortgaged premises consists of a homestead which can be sold separately without injury to the owner, that in that case the homestead shall not be offered for sale until all other lands covered by the mortgage shall have been offered and sold. It appears to us that it would be a violation of both the spirit and letter of this enactment, to charge the plaintiff's mortgage first upon the homestead in order to increase the fund out of which the defendant's debt must be paid. This view derives strength from the consideration, that the exemption is not wholly for the benefit of the husband, but is likewise intended to secure to the wife the advantage of a home. Therefore any transfer or alienation of the homestead

by the owner without the signature of the wife is void. The defendant *Edgar's* mortgage is confessedly invalid so far as the homestead is concerned, because the wife did not join in it. True, it appears that she was willing to charge the homestead with the other property with the payment of the plaintiff's mortgage. But *non constat* that she would have been willing to charge the entire debt upon the homestead, had the proposition been made to her. The question is argued by the counsel for *Edgar* as though this were a matter wholly between different lien owners. But other rights intervene. It is a mistake to say that the debtor claims no rights. He surely claimed the benefit of the homestead. It must be presumed that when *Edgar* took his mortgage he knew of the law of 1870, and of all the rights which that statute secured the debtor on a foreclosure and sale under the plaintiff's mortgage.

But it is further argued, that this law was intended for the protection of the debtor only upon the foreclosure of a single mortgage, and was not designed to affect equities between creditors or different mortgagees. The language, however, of the statute is sufficiently comprehensive to include all cases, and it is certainly consistent with all the legislation in this state upon the subject of exemption, to give the law the construction we have placed upon it. For it cannot be denied that in all the enactments found in our statute books in regard to homestead exemption, the most sedulous care is manifest to secure the homestead to the debtor and to his wife and family, against all debts not expressly charged upon it. And it would be in direct conflict with the spirit of this legislation, to hold that the act of 1870 was designed to protect the debtor only on the foreclosure of a single mortgage, and did not apply to a case like the one before us.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.