### PETERMANN VS. TURNER.

FORECLOSURE SALE. *Not set aside when irregular, because irregularity cured by act of purchaser, and not injurious to former owner.*

By the terms of a judgment providing for the sale of a mill property and other lots, such other lots were to be sold separately; but one of them, of only slight and nominal value, was sold to plaintiff with the mill property. Defendant, having moved to set aside the sale for such irregularity, plaintiff, before the motion was heard, filed in the court a release of such other lot, and the court thereupon denied the motion, with costs thereof payable by defendant. *Held*,

1. That it is doubtful whether the irregularity in the sale, not being injurious to defendant, was one for which the sale should have been disturbed.

2. That such irregularity was cured by the release, and the court did not err in denying defendant's motion.

3. That the costs were in the discretion of the court, and there was no abuse of discretion.

APPEAL from the Circuit Court for *Ozaukee* County.

Judgment of foreclosure and sale was entered in this action, ordering the sale of the undivided half of certain premises consisting of a grist mill property, and of four other lots in the village of Port Washington, and directing the sale of the lots separately. The sheriff, after sale, made report certifying that he had sold three of the lots separately, at $25 each, and the remainder of the premises, including the fourth lot, together as one parcel for $4,550, the purchaser, *Petermann*, being the plaintiff in the action. The sale, on motion of the plaintiff, was confirmed. Thereupon, the defendant, after the expiration of one year from the sale, moved to set aside the sale, and the order of confirmation thereof, on the ground that said lot four had not been sold separately as directed by the judgment. Affidavits, use d upon the hearing of the motion, showed that the lot was totally unimproved, and was of the value only of fifteen or twenty dollars. Pending the motion, the plaintiff filed with the clerk of the court a release of the

undivided half of the lot so sold, and demanded of the sheriff a deed for only the residue sold. The motion was denied, with costs, and defendant appealed.

*H. G. Turner*, for appellant, cited *Strong v. Catton*, 1 Wis., 471; *Downer v. Cross*, 2 id., 371; *Pierce v. Kneeland*, 9 id., 23; *Jones v. Dow*, 15 id., 582; *Babcock v. Perry*, 8 id., 277; *Campbell v. Smith*, 9 id., 305; *Am. Ins. Co. v. Oakley*, 9 Paige, 259, and insisted that the sale having been made in violation of a valid judgment, the defendant was entitled, as a matter of right, to have it set aside.

*Turner & Pors*, for respondent.

RYAN, C. J. The sale, with the mill property, of one of the lots ordered to be sold separately, was an irregular execution of the judgment, affecting that lot only, which appears to be of little more than nominal value. It could not injure the sale of the mill property to sell it as a whole, with a lot not belonging to it. It may be doubted whether it ought to have disturbed the sale. *Lloyd v. Frank*, 30 Wis., 306. But it was cured by the release of the lot from the sale, executed and filed by the respondent, who was the purchaser, before the motion was heard. The respondent had himself set the sale aside, so far as it was irregular and the appellant had any right to complain of it.

That irregularity was the only question properly before the court below on the motion to set aside the sale. And the motion was properly denied. No point was made in this court on the costs given by the order appealed. The costs were in the discretion of the court below, and we cannot say that the discretion was abused.

*By the Court.* — The order of the court below is affirmed.