SMITH vs. WAIT, imp.

FORECLOSURE OF MORTGAGE. *Adjustment of equities; holder of second mortgage not including homestead, cannot have that first sold under prior mortgage.*

COSTS ON APPEAL.

1. Since ch. 133 of 1870, on foreclosure of a mortgage covering the mortgagor's homestead, a subsequent mortgagee of the same lands without the homestead, cannot insist that such homestead be first sold to pay the mortgage in suit, although his lien was acquired prior to the passage of said act.

2. On appeal by the mortgagor from a judgment which provides for a sale of the homestead first, this court has no discretion, on reversing such judgment, to award costs against the subsequent mortgagee defendant, instead of against the plaintiff, although such provision was inserted in the judgment against the will of the latter, and on motion of such subsequent mortgagee.

APPEAL from the Circuit Court for *Outagamie* County.

Foreclosure. The mortgage in suit was given to plaintiff by defendant *Wait* and her husband, since deceased, in January, 1867, and covered four lots in the city of Appleton, one of which, described as lot 7, is claimed by the mortgagor as a homestead. The defendant *Lightbody*, who held a second mortgage, executed in March, 1869, upon the same lands except lot 7, appeared and answered, setting out the existence of his mortgage, the amount due thereon, and that lot 7 was amply sufficient, if sold, to pay the first mortgage and the costs, while the other lots were no more than sufficient to pay his own; and asking that lot 7 be first sold to satisfy the mortgage in suit.

Judgment was entered in accordance with the prayer of said answer, from which the defendant *Wait* appealed.

The cause was submitted for the appellant on the brief of *Warner, Ryan & Allen,* who argued that although, before the act of 1870, it rested in the sound discretion of the court to allow the homestead, in such a case as this, to be first sold

(*White v. Polleys*, 20 Wis., 503; *Jones v. Dow*, 18 id., 241), that act has changed this rule, and applies as well to mortgages existing at the time of its passage as to those made subsequently. *Hanson v. Edgar*, 34 Wis., 653. The law affects the remedy, merely, and is not, therefore, unconstitutional. 9 Wis., 559; 10 id., 125; 16 id., 296; 18 id., 437; 24 id., 196; id., 664; 31 id., 257; 32 id., 496.

*Geo. H. Myers*, for respondent *Smith*, argued that the rule enforced in *White v. Polleys*, 20 Wis., 505, and *Jones v. Dow*, 18 id., 241, was only a rule of chancery discretion, and not an absolute rule of law; that the legislature can control the discretion of the courts when only the remedy is affected (*Andrews v. Farmers' L. & T. Co.*, 22 Wis., 288; *Balt. & Susq. R. R. Co. v. Nesbit*, 10 How., 395, and the cases cited *supra*); and that, as the direction to sell the homestead was inserted on the application of *Lightbody*, and against the wishes of the plaintiff, the costs of reversal should be placed upon the former. 1 Story's Eq. Jur., §§ 642–5; *Dorr v. Shaw*, 4 Johns. Ch., 17; *Ex parte Kendall*, 17 Ves., 520; *Newsom v. McLendon*, 6 Ga., 392.

*H. Pierce*, for respondent *Lightbody*:

The parties contracted with reference to the law as it existed at the time of the execution of the mortgages, and that law, as expounded by this court in *White v. Polleys*, 20 Wis., 503, and *Jones v. Dow*, 18 id., 241, must control as to their respective rights. 5 Wis., 605; 3 Wall., 294; 1 id., 175; 16 How. (U. S.), 432. The law of 1870, if applied to mortgages executed prior to its passage, would destroy vested rights, and would therefore be unconstitutional. Const., art. I., sec. 12; *Von Baumbach v. Bade*, 9 Wis., 560. Unless a different intention is clearly manifested, statutes should be construed as relating to future and not to past transactions. *State v. Atwood*, 11 Wis., 423; *Austin v. Burgess*, 36 id., 186; *Seamans v. Carter*, 15 id., 548; *Simmons v. Johnson*, 14 id., 523; *Finney v. Ackerman*, 21 id., 269.

COLE, J.   The decision in *Hanson v. Edgar*, 34 Wis., 653, controls this case, unless the fact that the *Lightbody* mortgage was executed before the passage of ch. 133, Laws of 1870, calls for the application of a different rule.   But we do not think that fact can or should have any such effect, for this reason: The rule that where one has a lien upon two estates, and another a subsequent lien upon only one of them, the former will be compelled first to exhaust the subject of his exclusive lien before he resorts to the doubly-charged estate, was one which a court of equity enforced upon equitable principles. It was not a matter of strict right given by the contract, nor was it in any sense a vested right, but was an equitable rule, enforced in cases where no injustice was done by its application and other equities did not intervene.   *Kendall, Ex parte*, 17 Ves., 514; *Dorr v. Shaw*, 4 Johns. Ch., 17; 1 Story's Eq. Jur., § 642; *Newsom v. McLendon*, 6 Ga., 392; Adams' Eq., p. 507 et seq.   In other words, the right rested in the sound judicial discretion of the chancellor, and was not an absolute rule of law.   The law of 1870 has certainly changed this equitable doctrine in respect to homesteads, so far as mortgages are concerned executed after its passage.   And in deference to the policy of that statute, it is the duty of a court of equity to favor the homestead right as against the equities of creditors arising under the former rule.   In the present case the circuit court ordered the homestead to be first sold to satisfy the plaintiff's mortgage, in order to benefit *Lightbody*, who has taken an imperfect security.   This we think was error, and must work a reversal of the judgment.

The judgment recites that the direction to sell the homestead first was given by the court on the motion of *Lightbody;* and the plaintiff's counsel states that this order was made against the wishes of his client.   The counsel therefore claims that the costs on the reversal of the judgment should be adjudged against *Lightbody*, and not against the respondent. Under the statute we can exercise no such discretion in respect

to awarding costs in this court. The law gives them to the prevailing party; and according to the record the plaintiff is the losing party on this appeal.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded for the entry of the proper judgment of foreclosure.