## NICHOLAS KOEN ET AL. *v.* SAMPSON BRILL.

1. EXEMPT PROPERTY. *Homestead. Incumbrances. Execution sale. Injunction.*

    Equity will enjoin the sale, under execution, of a homestead so heavily incumbered that the injury to the owner will be attended by no benefit to the creditor.

2. SAME. *Marshaling securities.*

    Securities will not be marshaled at the instance of a judgment creditor as against an incumbered homestead.

FROM the chancery court of Warren county.

HON. CLAUDE PINTARD, Chancellor.

The opinion states the case.

*Booth, Anderson & Booth,* for the appellants.

1. We invoke the rule of marshaling securities. 1 Story's Eq., secs. 558, 633; 14 Am. & Eng. Enc. L., 685, note 4; *Cheeseborough* v. *Millard*, 1 John. Ch., 409, 412; *Kausler* v. *Ford*, 47 Miss., 289, 301.

2. In most of the states marshaling may take place where homestead land is involved. *Parr* v. *Fumbanks* (Tenn.), 11 Lea, 391; *Jones* v. *Dow*, 18 Wis., 241 (253); *White* v. *Polleys*, 20 Wis., 503; *In re Santhoff*, 7 Bis., 167; *State Savings Bank* v. *Harbin*, 18 S. C., 425; *People's B. & L. A.* v. *Mayfield* (S. C.), 20 S. E. Rep., 290; *Craig* v. *Miller* (S. C.), 19 S. E. Rep., 192; *People's Bank* v. *Brice* (S. C.), 24 S. E. Rep., 1038; *Shell* v. *Young*, 32 S. C., 462; *Abbott* v. *Powell*, 6 Sawy., 91; *Searle* v. *Chapman*, 121 Mass., 19; *Chapman* v. *Lester*, 12 Kan., 592, 595; *Hallman* v. *Hallman*, 124 Pa. St., 347; *Webster* v. *Bronston*, 5 Bush, 521; *Plain* v. *Roth*, 107 Ill., 588; 14 Am. & Eng. Enc. L., 688–691, note.

3. The dictum of Cooper, J., in *Hodges* v. *Hickey*, 67 Miss., 727, is based upon *Dickson* v. *Chorn*, 6 Iowa, 19, which is based upon an Iowa statute, and therefore is not binding in the case at bar. *Chapman* v. *Lester*, 12 Kan., 592. There is nothing in our statute to militate against the rule, and certainly this court will not do any legislation along that line.

4. The fact that the land is a single, indivisible tract cannot affect the rule. *Craig* v. *Miller*, 19 S. E. Rep., 192; *People's Bank* v. *Brice*, 24 S. E. Rep., 1038; *Shell* v. *Young*, 32 S. C., 462; *Mitchelson* v. *Smith*, 28 Neb., 558.

5. We have a right, in any event, to have appellee's equity of redemption in the nonexempt portion sold under our execution and levy.

The reporter finds no brief for the appellee in the record.

TERRAL, J., delivered the opinion of the court.

The appellants obtained, in the court of a justice of the peace of Warren county, a judgment against the appellee for $196.95, and levied the execution issued thereon upon the homestead of the appellee, a residence and lot in the city of Vicksburg, of the value of $6,000. Appellee enjoined the sale of the premises, under the execution, on the alleged grounds that the homestead was incumbered by debts, with equitable liens to the amount of $4,400, and that the sole effect of a sale of the premises, under the judgment, would be to " cast a cloud upon her title and destroy all her rights of homestead, and do her irreparable injury." The appellants demurred to the bill, and, the chancery court overruling their demurrer, they appeal to this court. The question is whether the homestead is subject to sale under the circumstances stated and admitted in this case. Our statutes forbid the sale, under execution or attachment, of the exempt homestead, unless by its sale something could be realized for the substantial benefit of the execution creditor. Under the admitted facts of this case, it would be impossible for a

sale to be of any advantage to the appellants; on the contrary, they could only incur additional costs, while the attempted sale and conveyance would be a gross wrong upon the appellee by clouding the title to her homestead.

We cannot think that the rule of marshaling securities applies to homestead exemptions. Securities will not be marshaled, says Story, in his Equity Jurisprudence, sec. 642, where injustice will be suffered by the common debtor, and certainly it would be a gross injustice to the owner to allow the homestead to be diminished or possibly swept away entirely, because the owner has created some lien upon it.

The principles of law governing such cases are justly stated by Maxwell, J., in *Mitchelson* v. *Smith*, 28 Neb., where he said: "The homestead law is remedial in its character, and is to receive a liberal construction to carry into effect its beneficent provisions. No burdens will be placed on the homestead, therefore, not created by the parties themselves or by the law, as for taxes, nor will a mortgagee of real estate, a part of which constitutes the homestead, be permitted or required to resort to the homestead alone for the satisfaction of his lien, to the exclusion of the other real estate owned by the mortgagor, nor is the case one in which the securities can be marshaled."

Similar principles are announced in *Dickson* v. *Chorn*, 6 Iowa, 19, which are cited and approved in *Hodges* v. *Hickey*, 67 Miss., 715.

*Affirmed.*