## R. P. HAYS v. J. B. BARLOW.

[54 South. 2.]

EXEMPTION. *Satisfaction of trust deed out of non-exempt property. Injunction.*

Where a creditor owns a judgment against his debtor and also a trust deed covering exempt and non-exempt property of his debtor, a mandatory injunction will lie at the suit of the debtor to compel the creditor to exhaust under his trust deed the non-exempt property, before resorting to the exempt property.

APPEAL from chancery court, Quitman county.
HON. M. E. DENTON, Chancellor.

Suit by J. B. Barlow against R. P. Hays. From a decree overruling a motion to dissolve a temporary injunction and dismiss the bill, defendant appeals.

J. B. Barlow, being indebted to one Ostrander in the sum of three hundred and fifty dollars, executed a note for said amount, secured by deed of trust covering a number of oxen and two log wagons. After the execution of the note and deed of trust, but before the maturity thereof, appellant, Hays, obtained a judgment against appellee, Barlow, for one hundred and seventy-seven dollars, and immediately thereafter (five days before the maturity of Barlow's note) Hays obtained from Ostrander an assignment of Barlow's note and deed of trust. Hays then had execution levied against all of the oxen (twelve) and wagons covered by the deed of trust (except one wagon and two oxen, claimed by Barlow as exempt under the law from execution), and at the execution sale Hays became the purchaser of said oxen and wagon for the sum of one hundred and seventy-five dollars. At said sale appellee, Barlow, appeared and gave public notice that all of this property was subject to the deed of trust held by Hays, and that he claimed as exempt from execution two oxen and one wagon, which were embraced in the deed of trust, and that, if any effort was made to enforce said deed of trust against his said exempt property, he would object on the ground that the non-exempt property embraced in the deed of trust, and then being sold under the execution, should be first taken in satisfaction of the debt under the trust deed. Thereafter, when Hays had become the purchaser of said non-exempt property at the execution sale, he notified the trustee in the deed of trust to proceed to advertise for sale, to satisfy the debt secured thereby, all the property embraced within its terms, both exempt and non-exempt. Thereupon appellee filed a bill for an injunction to restrain the trustee from selling the exempt property at the foreclosure in satisfaction of the indebtedness secured by the deed of trust until after the non-exempt property has been offered and exhausted. A temporary injunction was granted, and on the hearing

the appellant filed a motion to dissolve the injunction and to dismiss the bill. The case was tried on the pleadings and proof taken in open court. The court entered a decree overruling both motions, and granted an appeal.

*T. E. Williams,* for appellant.

The trust deed provides that the legal holder of any indebtedness secured thereby may sell any or all of said oxen at public auction, and it is submitted that this is a very valuable contract right accruing to appellant, Hays, when he purchased the notes secured by said trust deed and became the legal holder of same and ought not to be abridged by the court, for it quite frequently happens that when such a team of oxen is put up for sale at public auction a purchaser will appear who will bid the amount of the whole debt and expenses for the team as a whole, but who would not bid on them if he could only buy a part of the team; or it might be just the reverse that the oxen could be sold to better advantage by pairs, or otherwise; and therefore this provision is a valuable one to the holder of such notes and is founded on contract and should not, it is submitted, be abridged as would be the effect of this injunction.

The right asserted by appellee to marshal assets is an equitable one and it is submitted that there is some equity on the side of appellant, Hays. It appears that the judgment under which appellant, Hays, bought the cattle was obtained on account, mostly, of feed furnished to the identical cattle in controversy, furnished at a time when it was necessary to save the lives of the cattle during an overflow when they could not subsist by grazing, after appellant had tried to induce appellee to go away from the mill and seek work elsewhere, when the appellee was out of debt except one dollar and twenty-six cents and upon the solemn promise of appellee that he would stay at the mill of appellant and work out any debt he made; and yet notwithstanding all of

these facts the appellee left appellant and failed to work out said debt with said oxen as he had agreed.

Some courts hold, but not all, that where a mortgage covers both exempt and non-exempt property the mortgagee has a right to force the mortgagor to exhaust the non-exempt property before proceeding against the exempt property; but this rule will be found, I think, to be based on peculiar statutes or courts of states not having such statutes have followed the decisions of the courts of states which do have such statutes as will be seen in the case of *Hodges* v. *Hickey*, 67 Miss., p. 715, in which this question is, for the first time, touched upon.

In *Hodges* v. *Hickey* the Iowa court is cited; but by statute in Iowa the right is conferred on the mortgagor to force the mortgagee to first exhaust the non-exempt property. See 15 A. and E. Ency., 2 Ed., p. 743, n. 1.

In *Koen* v. *Brill*, 75 Miss., p. 870, the court seems to approve the case of *Hodges* v. *Hickey*, but in neither of these cases was the point in this case necessary to be decided, and it will be noted that a homestead exemption was the subject-matter of the decision in both of these cases.

It is clear, however, that whatever may be right of the mortgagor to force the mortgagee to first exhaust the non-exempt property, the rule will not be applied in this case for two reasons, either one of which is sufficient to-wit:

First, because it appears from the trust deed that the mortgagor relinquished any such right, if he had any, by stipulating in the trust deed that the trustee should "Take charge of the property herein conveyed and sell any or all of same."

Second, because it appears from the whole testimony as to the value of the property now in the hands of the trustee that it is doubtful whether such property will bring the amount due under the trust deed.

*P. H. Lowrey,* for appellee.

It seems to me that the one question in this case is whether an exemptionist may, in a court of equity, prevent the application of his exempt property to the payment of an unsecured debt by the marshalling of securities in favor of the creditors. On this point the courts are much divided, some of the states holding that creditors might marshal securities against the debtor even to the extent of taking his exempt property. This does not seem to be the general or better view and does not seem to be the view adopted in this state.

In American and English Ency of Law, 2nd Edition, volume 12, at page 212, the rule is stated thus: "Where a mortgage covers both exempt and non-exempt property, the mortgagor has a right both as against the mortgagee and as against a creditor having a lien upon the non-exempt property alone . . . to demand that the mortgagee shall first exhaust the non-exempt property before resorting to the exempt." The same authority mentions the fact that this is not the universal rule and also that the right is an equitable one. To about the same effect is the rule as stated in 18 Cyc. 1461, and note 11. In this state this rule has been applied in several cases where a homestead was involved. *Hodges* v. *Hickey,* 67 Miss. 715. In this case the court says on page 727, referring to the right to marshal securities and take the exemption: "We could not assent to the right of the creditor to compel the mortgagee of the whole to subject first the homestead exemptions to the payment of a mortgage debt in order that the non-exempt portion might be exonerated in favor of the other creditors. To do this would be to extend a mortgage given by the exemptionist on the exempt property as security for other debts for which he did not intend to bind it. The rule of marshalling securities is never enforced by courts of equity where to do so would be unjust to the debtor."

Counsel for appellants insist that this is the adoption by this state of the rule in Iowa and that the ruling there was based on a statute. Also that this is not a part of the decision in this case, but is dictum. This same argument was made in the brief of counsel in *Koen* v. *Brill,* 75 Miss., at top of page 871, but this court in its opinion in that case on page 872 says, quoting from the Nebraska court: "Nor will a mortgage of real estate, a part of which constitutes the homestead, be permitted or required to resort to the homestead alone for the satisfaction of his lien to the exclusion of the other real estate owned by the mortgagor, nor is the case one in which securities can be marshalled." And again approves the doctrine announced in *Hodges* v. *Hickey, supra.*

I call the attention of the court here also to the case of *Irwin* v. *Lewis,* 50 Miss. 363, where the right of the exemptionist to protect his exemption rights in equity by an injunction is brought under review and is abundantly sustained. While these cases all involve real estate and homestead rights, I can see no reason why the same doctrine should not apply to other exemptions. Other courts who hold the view that exemption rights may be protected in equity against the marshalling of securities have applied it to personalty as well as realty.

In *Miller* v. *McCarty* (Minn.), 28 Am. State Reports 375, the subject is fully discussed, the court saying on page 377: "The question has generally arisen where the exempt property . . . involved was a homestead, but we see no reason for applying any different rule to homestead exemptions from that to be applied to any other exempt property." To the same effect is the doctrine as stated in the text-book. 12 Ency. of Law, 212, *supra.*

This principle is applied in *Applewhite* v. *Nelms,* 71 Miss. 482. The question there was the right of a subtenant through a court of equity to compel the landlord to proceed first against the crop of the principal tenant.

This is pre-eminently a case for the application of this beneficent doctrine. Here it is evident and undisputed that the appellant, Hays, the holder of the judgment, has procured the other lien debt and has appointed his own trustee who is acting entirely in his interest and that they together are seeking to do just what this court in *Hodges* v. *Hickey, supra,* says cannot be done, viz: "To extend a mortgage given by the exemptionist upon the exempt property as a security for other debts for which he did not intend to bind it." This is even a stronger case than it would be if the mortgage debt and the judgment were held by different parties.

At the exemption sale, of course the appellant, Hays, as purchaser, acquired only the equity of redemption in the property bought. *Butler* v. *Lee,* 54 Miss. 476. As said in that case the true value of the property in excess of the debt secured by the mortgage was all that could be subjected to the execution. This is of necessity the rule where the sale under the execution is prior to the maturing of the mortgage and where the mortgagor is entitled to the possession and use of the property until taken by the trustee for the enforcement of the mortgage.

The appellants in their brief contend that the judgment creditor in this case had some peculiar equity in the oxen because the debt on which the judgment was secured was for feed for these oxen. In the first place the testimony of the appellant, Hays, himself, when taken with the account sued on as shown in the record does not show such to be the fact, it being only claimed that a part of the consideration was for feed for the said oxen. The evidence of the debt sued on stating that the debt is "for money and goods advanced and sold," and the appellee in his testimony denies that any appreciable part of it was for feed for the oxen and also shows the utmost good faith in his dealings with the appellant in regard to said debt. But even if this was the case, the law does not fix any lien in the case and no equitable

right would accrue from the facts as claimed, taken most favorably for the appellant.

The appellants also contend that no benefit could come to the appellee from the enforcement of the injunction as it would take the whole of the property to pay the debt. I think this conclusion is not borne out either by the pleadings or the evidence.

Much of this debt claimed by Mr. Hays is for feed and expenses of the oxen, unjustly and unnecessarily incurred. The bill also charges that the oxen which have died were lousy on account of the improper conduct of the appellants in which case he would be entitled to credit on his debt for their value and also to the value of the use of the property, and especially of the exempt property, pending this litigation while they are being withheld from the appellee. Besides the evidence does not show that there would be no benefit to the appellee by the sale first of the non-exempt property. The whole question of what the oxen would bring at a sale is one of opinion and speculation. If there is any possible benefit to the appellee by the sale first of the non-exempt property then he is entitled to have the sale in that way. The sale first of the non-exempt property could not possibly effect the rights of the appellants, unless they have the right to first apply the exempt property to their debt.

The argument on the provision in the deed of trust for the sale of any or all of the property seems to me to be untenable. This simply means that the trustee need not sell all of it unless necessary. All the creditor has a right to under the deed of trust is to his money to be made out of the property, and if it can be made so as to save the exemptions, then no harm can come to him by doing so. There is no effort here to prevent the sale of the exempt property if a sale shall turn out in the end to be necessary for the payment of the debt. The fiat and the writ only requires the sale of the non-exempt property first and only enjoins the sale of the exempt

property in case the other should bring a sufficient amount to pay the debt and expenses. This is only a preliminary hearing and not a final hearing on the merits and as I understand the rule, the injunction will be retained for a final hearing where it is not manifest that it should be dissolved. *Alcorn* v. *Saddler,* 66 Miss. 221; *Madison Co.* v. *Paxton,* 56 Miss. 679.

SMITH, J., delivered the opinion of the court.

On this record appellee has the right to demand that appellant shall exhaust the non-exempt property before resorting to the exempt property. 12 A. and E. Ency. Law, 212; 18 Cyc. 1461, note 11; *Hodges* v. *Hickey,* 67 Miss. 715, 7 South. 404; *Koen* v. *Brill,* 75 Miss. 870, 23 South. 481, 65 Am. St. Rep. 633; *Miller* v. *McCarty,* 47 Minn. 321, 50 N. W. 235, 28 Am. St. Rep. 375.

*Affirmed and remanded.*