## CENTURY SAVINGS BANK v. ROBT. MOODY & SON et al.

### In re HARTZELL.

(Circuit Court of Appeals, Eighth Circuit.  April 15, 1913.)

### No. 3,793.

MARSHALING ASSETS AND SECURITIES (§ 3*)—MORTGAGES—HOMESTEAD.

Code Iowa 1897, § 2976, which provides that the homestead may be sold for debts created by written contract, executed by the persons having power to convey and expressly stipulating that it is liable therefor, "but then only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt," is mandatory, and governs in the marshaling of liens between different mortgages, some of which include the homestead, while others do not, and although the mortgagor makes no claim.

[Ed. Note.—For other cases, see Marshaling Assets and Securities, Cent. Dig. §§ 2, 3; Dec. Dig. § 3.*]

Appeal from the District Court of the United States for the Southern District of Iowa;  Smith McPherson, Judge.

In the matter of Oscar M. Hartzell, bankrupt.  From an order entered on issues joined between the Century Savings Bank, Robert Moody & Son, and R. A. Crawford, administrator of the estate of Emma G. Johnson, deceased, the Century Savings Bank appeals.  Reversed.

W. G. Harvison, of Des Moines, Iowa (Horatio F. Dale, of Des Moines, Iowa, on the brief), for appellant.

S. F. Prouty, of Washington, D. C. (Mulvaney & Mulvaney, of Des Moines, Iowa, on the brief), for appellees.

Before HOOK and SMITH, Circuit Judges, and VAN VALKEN-BURGH, District Judge.

HOOK, Circuit Judge.  This case involves the marshaling of the liens of three mortgagees.  Omitting a number of facts which serve only to confuse, the situation in its last analysis was this:  The common debtor mortgaged to Johnson 960 acres of land in Iowa.  Embraced in the land was his homestead of 40 acres.  He next mortgaged the 920 acres exclusive of his homestead to Moody.  Then he mortgaged the whole 960 acres to the appellant, the bank.  Upon judicial sale the lands were so sold that the proceeds of the homestead and nonhomestead portions were distinguishable.  The total proceeds were more than enough to pay Johnson, but the surplus was not enough for

Moody and the bank. As Moody had no lien on the homestead and the bank had, the amounts they would receive depended on how Johnson, the first mortgagee, was paid—whether proportionately from homestead and nonhomestead proceeds, or entirely from the latter. In other words, if Johnson, with his first lien on two funds, was paid in part from that which was not available to Moody, it would operate pro tanto to the advantage of the latter and correspondingly to the disadvantage of the bank. The trial court adopted that plan. It directed payment to Johnson from the proceeds of the homestead and the nonhomestead property proportionately. This enlarged the surplus in the latter fund for Moody by about $5,000.

If neither tract had been a homestead there would be precedent for the action of the court. Green v. Ramage, 18 Ohio, 428, 51 Am. Dec. 458. But the homestead element cannot be disregarded. The debtor and his wife expressly waived their homestead right and consented to the use of the proceeds in paying debts. The effect of this depends upon the state statute, which created the right and prescribed its incidents, and with respect to which the parties are held to have contracted. Section 2976 of the Iowa Code of 1897 provides that the homestead may be sold "for debts created by written contract, executed by the persons having the power to convey, and expressly stipulating that it is liable therefor, but then only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt." In Linscott v. Lamart, 46 Iowa, 312, the holder of a mortgage upon both homestead and other property purchased the homestead, and it was held he had the right, notwithstanding the purchase, to satisfy his claim out of the nonexempt property to the exclusion of junior liens. The sale by the debtor in that case was as complete an abandonment of all right and equity as the waiver and consent in the case at bar.

At an early day in Wisconsin it was held that where a mortgage covered a homestead, and also other property, which was subject to a junior lien, the debtor had no right to have the latter exhausted first to preserve his homestead. White v. Polleys, 20 Wis. 503, 91 Am. Dec. 432. This decision led to a statute (Laws 1870, c. 133) very similar to that of Iowa, and the case of Hanson v. Edgar, 34 Wis. 653, arose under it. There was a first mortgage upon 160 acres of land, 40 acres of which was a homestead. A second mortgage upon the same land was void as to the homestead, because not signed by the debtor's wife, but valid as to the remainder. Upon foreclosure, the debtor and his wife made no claim. The second mortgagee insisted that the homestead, on which he had no valid lien, should be first sold to pay the prior mortgage. He contended that the statute was only for the protection of the debtor, and was not designed to affect equities between creditors and mortgagees, when the debtor was not interested. The court held otherwise. In the later case of Smith v. Wait, 39 Wis. 512, the same rule was applied, though the liens were acquired prior to the passage of the statute. The court held that the marshaling of liens according to equitable principles was not a vested right, secure from legislative change. We think that in a case like the one at bar

the provision of the Iowa statute that resort to the homestead shall be only for a deficiency is mandatory, and is not affected by the act of the debtor and his wife after the mortgages are given.

The case below was in equity, and is considered here on the appeal. The writ of error, which was also prosecuted, is dismissed.

The order of the District Court is reversed, and the matter is remanded for further proceedings in conformity with this opinion.