PRESCOTT HALL BUTLER, as Ancillary Administrator, etc., Appellant, *v.* NATHANIEL JARVIS, Jr., Individually, etc., as Committee, etc., Respondent.

To bring himself within the provision of the Code of Civil Procedure (§ 1312), authorizing an appellate court in its discretion to dispense with the security required to stay execution upon a judgment appealed from " where the appellant is an executor, administrator, trustee or other person acting in another's right," the appellant must show that he is defending such right.

Plaintiff, as ancillary administrator of C., brought this action against defendant individually and as committee of C., who was a lunatic, for an accounting, and recovered a judgment which the General Term modified by reducing it to $71,874.02 and affirmed as modified. Said General Term, on motion of defendant, granted him leave to appeal to this court without giving security to stay execution and stayed proceedings on the part of plaintiff pending the appeal. *Held,* error; that defendant did not bring himself within said section of the Code, as he was not acting in another's right, but to subserve his own interests and in hostility to the rights of those who have succeeded to the estate of C. Also, *held,* that the order was appealable.

(Argued October 21, 1889; decided October 29, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made May 24, 1889, granting defendant leave to appeal to the Court of Appeals without giving the security required to stay execution.

The nature of the appeal and the facts are sufficiently stated in the opinion.

*Stephen A. Walker* for appellant. The order is contrary to the provisions of the Code. (Code Civil Pro. §§ 613, 1312, 1327.) The order was, in any event, a capricious and reckless use of the discretion of the court. (*Granger* v. *Craig* 85, N. Y. 619; *Quinlan* v. *Russell,* 16 J. & S. 538; *Grant* v. *D. & H. C. Co.,* 113 N. Y. 475.)

*G. W. Cotterill* for respondent. By the express provisions of the Code the court below exercised its " discretion " and,

therefore, this court has no jurisdiction. (Code Civil Pro. §§ 2320, 2344.) The plaintiff's notice of appeal is too broad. (*Genet* v. *Davenport*, 60 N. Y. 194.)

EARL, J. In 1870, the defendant was, in the city of New York, appointed a committee of Bomanjee Byranjee Colah, a lunatic, who was a native of Bombay, India, where he died in 1882.

Letters upon his estate were there issued, and subsequently the plaintiff in this action was appointed ancillary administrator by the surrogate of the county of New York. He commenced this action against the defendant, individually and as committee, for an accounting. The action resulted in a judgment against the defendant, individually and as committee, for the sum of $76,075.87. From that judgment he appealed to the General Term of the Supreme Court where it was modified by reducing it to $71,874.02, and as thus modified it was in all things affirmed. The defendant, intending to appeal to this court, thereafter made a motion to the General Term of the Supreme Court, under section 1312 of the Code, that the security required to stay execution on the judgment might be dispensed with or limited to $50,000 ; and the court made an order "that the defendant have leave to appeal to the Court of Appeals without giving the security required to stay execution upon the judgment herein, and that all proceedings upon the part of the plaintiff be stayed herein pending such appeal but not to collect the securities deposited for the benefit of the plaintiff." From that order the plaintiff has brought this appeal; and it is claimed on his behalf, that under the section of the Code referred to the General Term had no authority to grant the order. That section provides as follows: "Where an appeal is taken as prescribed in title second or fourth of this chapter, the court in or from which the appeal is taken, or where an appeal is taken as prescribed in title third or fifth of this chapter, the courts to which the appeal is taken may, in its discretion, make an order, upon notice to the respondent, dispensing with or limiting the

security required to stay the execution of the judgment or order appealed from as follows :

"(1) Where the appellant is an executor, administrator, trustee or other person acting in another's right, the security may be dispensed with or limited in the discretion of the court.

"(2) The aggregate sum in which one or more undertakings are required to be given may be limited to not less than $50,000, where it would otherwise exceed that sum."

The defendant plainly does not bring himself within this section. In defending the action and bringing the appeal he is not acting "in another's right." The plaintiff is acting in the right of those who have succeeded to the estate of the lunatic. The defendant is not acting in their right, but he is acting in hostility to them, to subserve his own interests. The judgment appealed from is against him individually and as committee, and he is bound in his own right to the extent of his property or ability to pay it. To bring himself within this section he should have shown that he was defending the rights of the lunatic or his representatives, and that he was acting in their right and not in his own.

The order of the General Term should, therefore, be reversed and the motion denied, with costs of the appeal, and $10 costs of the motion.

A motion was made here on behalf of the defendant to dismiss the appeal. We have carefully considered that matter. There are no grounds for dismissing the appeal, and the motion should be denied, with $10 costs.

All concur.

Ordered accordingly.