HENRY SEIBERT *vs.* MINNEAPOLIS & ST. LOUIS RY. Co. *et al.*

Submitted on briefs June 14, 1894.   Affirmed June 29, 1894.

Nos. 8647, 8648.

### Findings are not a part of the record until signed and filed.

Where, for the convenience of the court and the parties, findings of fact and conclusions of law are prepared and printed, and amendments thereto are proposed and printed, and, on hearing, the same are settled and allowed by the court, *held*, they do not become a part of the record of the court until, after being signed by the judge, they are filed in the office of the clerk, and the trial judge has a right to change them after such hearings, and before they are so signed and filed.

**Time to propose and settle a case or bill of exceptions.**

Where a party neglected for six months after the filing of such findings to examine the same, and ascertain whether or not proposed amendment thereto, opposed by him, had been allowed, and in the meantime judgment had been entered, and an appeal therefrom taken by him, without making any effort to settle a case or bill of exceptions, *held*, it was not an abuse of discretion in the court below to refuse to allow him then to propose or settle a case, or to set aside or vacate the judgment, on his motion. Orders affirmed. Motion denied.

Appeal by defendant, the Minneapolis & St. Louis Railway Company, from an order of the District Court of Hennepin County, *Seagrave Smith,* J., made December 8, 1893, denying its application for leave to propose and have settled a case after the time allowed for that purpose had expired.

Appeal also by same defendant from an order of the same court made January 6, 1894, denying its motion to vacate the judgment entered in the action June 29, 1893, and restoring the parties to the positions they were relatively in before such judgment was entered.

*Isham, Lincoln & Beale* and *Edward S. Isham,* for appellant.

*J. M. Shaw,* for respondent Seibert. *W. H. Norris,* for respondent Minnesota Transfer Ry. Co. *Keith, Evans, Thompson & Fairchild,* for respondents certain bondholders. *H. C. Truesdale,* for respondent Farmers Loan & Trust Co. *Woods & Kingman,* for respondent Fidelity Insurance Trust & Safe Deposit Co. *Harris Richardson,* for respondent Central Trust Co. *Lusk, Bunn & Hadley,* for respondents St. Paul & D. Ry. Co. and others. *J. C. Bullitt, Jr.,* for respondents· Northern Pacific R. Co. and others. *Flandreau, Squires & Cutcheon,* for respondent R. F. Parshall. *A. E. Clarke,* for respondents Truesdale, receiver, and others. *W. F. Booth,* for respondents Chicago, Rock Island & Pacific Ry. Co. and others.

CANTY, J.    At the close of the trial of this action in the court below, printed findings of fact were prepared, and submitted to the attorneys of the different parties, to examine, and propose amendments thereto. These proposed amendments were afterwards printed, and a time fixed for hearing all the parties as to the allow-

ance of the same, and the settlement of the findings of fact to be afterwards signed and filed. Upon that hearing the following printed finding was allowed:

"Upon the pleadings, as between the plaintiff and defendant the Minneapolis & St. Louis Railway Company, I find the allegations of the complaint with respect to default made by the mortgagor, the Minneapolis & St. Louis Railway Company, in the conditions of the said improvement and equipment mortgage, to be true, as therein stated."

It appears that the findings of fact were then allowed, and afterwards the same arrangement was made as to preparing, printing, and allowing the conclusions of law; and on April 22, 24, 1893, during the argument on the hearing for the allowance of the conclusions of law, the plaintiff proposed a further finding of fact, substantially as hereinafter stated. This was objected to by other parties, and after argument the court took it under advisement.

The findings of fact and conclusions of law, duly signed, were filed by the court thereafter, on May 6, 1893; and immediately following the printed finding, above quoted, the findings of fact contain, in the handwriting of the trial judge, the said proposed amendment, as follows:

"The alleged default in not using income properly applicable thereto for the payment of interest on the improvement and equipment bonds is also shown by the evidence."

The attorney of the defendant mortgagor did not examine these findings after they were filed, but another attorney afterwards represented said mortgagor at a hearing had before the court on May 28, 29, 1893, to settle the form of the judgment. Judgment was afterwards entered, on June 29, 1893; and thereafter, on October 5, 1893, said defendant mortgagor appealed from that judgment to this court, but none of the parties to the suit ever made any effort to settle a case or bill of exceptions until the time hereinafter stated.

During the first part of October, 1893, the attorney of the defendant mortgagor was informed that this last-quoted finding of fact was in the record. Claiming to be misled and prejudiced by this finding, on November 10th, it made, on the record and on affidavits, a motion for leave to propose and settle a case, which motion was heard on December 2, 1893, and denied, and defendant appealed.

This defendant also made a motion on the same grounds to vacate and set aside the judgment. This motion was heard on January 6, 1894, and denied, and from this order also defendant appealed.

This defendant also made a motion in this court to strike from the record said last-quoted finding of fact. We will dispose of this motion and these two appeals in this opinion.

Counsel for the appellant mortgagor takes the position that said last-named finding is no part of the record, but simply "an unauthorized alteration of the record." We do not agree with him. These findings of fact and conclusions of law were no part of the record until after being signed. They were filed on May 6th. All the proceedings of settling and allowing them were informal arrangements for the convenience of the court and counsel. A party might be so misled, even by such informal proceedings, that relief ought to be granted him, but this is not such a case.

Furthermore, as will be seen by a reference to the opinion in the appeal from the judgment herein, we are of the opinion that this disputed finding of fact added nothing to plaintiff's case, and gave him no right to which he is not entitled under the finding of fact first above quoted.

We are of the opinion that the court below did not abuse its discretion in denying these motions. Whether it would have abused its discretion if it had granted them, it is not necessary to consider.

The motion made in this court should be denied, and the orders appealed from should be affirmed. So ordered.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 828.)