. [S. F. No. 3526.  In Bank.—December 19, 1903.]

In the Matter of the Estate of CHARLES R. POTTER, Deceased.

ESTATES OF DECEASED PERSONS—PETITION TO ENFORCE CONVEYANCE OF LAND—DISMISSAL—AMENDMENT NUNC PRO TUNC—COSTS—APPEAL.—Where a petition to enforce a contract for the conveyance of land of a deceased person was contested by the administrator, and was dismissed without prejudice, under section 1602 of the Code of Civil Procedure, and several months thereafter the administrator moved for and obtained an amendment to the judgment *nunc pro tunc*, taxing the costs against the petitioner, the petitioner is entitled to appeal from the judgment so amended within sixty days from the date of the amendment, upon a bill of exceptions prepared and served thereafter in due time.

MOTION to dismiss an appeal from orders of the Superior Court of Sonoma County amending and modifying a judgment of that court *nunc pro tunc*.  Emmett Seawell, Judge.

The facts are stated in the opinion of the court.

Haskell & Denny, and J. T. Campbell, for Appellant.

Lyman Green, and F. A. Meyer, for Respondent.

THE COURT.—This is a motion to dismiss the appeals from sundry orders taken by appellants under the following circumstances: A petition was filed by the appellants in the matter of the estate of the deceased, seeking specific performance of a contract for the sale and conveyance of land, made by deceased with them.  The proceedings were under sections 1597 and 1598 of the Code of Civil Procedure.  The administrator made answer, controverting the alleged right to compel conveyance, and concluded by a prayer that the petitioners take nothing by their petition.  After hearing, the court dismissed the petition without prejudice, as contemplated by section 1602 of the Code of Civil Procedure.  The decree was entered accordingly.  This decree was given upon the eleventh day of June, 1902.  Some months thereafter the administrator filed his "notice of a motion for judgment *nunc pro tunc*," by

which he proposed to ask the court to amend its judgment by adding thereto a judgment for costs against the petitioners, stating that the motion would be made upon the ground "that said administrator inadvertently failed on said eleventh day of June, to ask for said judgment, and upon the ground that said court at any time has the right to enter said judgment." The court did order its judgment amended *nunc pro tunc,* and taxed the costs against the petitioners in the sum of one hundred and fifty-eight dollars. From this judgment, as amended, they appeal. Various other orders were made by the court, and a contention arises between the parties as to whether or not these orders are appealable. But without entering into a minute examination and discussion of them, it is sufficient here to say that, giving fullest weight to the action of the trial court in the premises, it amounted to a modification and amendment of its judgment. From the judgment so amended and modified an appeal taken within sixty days will lie. (*Estate of Corwin,* 61 Cal. 160; *Stuttmeister* v. *Superior Court,* 71 Cal. 322.) It is further urged that there is no proper bill of exceptions to support the appeal, but the certificate of the judge shows that the bill of exceptions was prepared and served in time.

The motion to dismiss is therefore denied.