NATIONAL CONTRACTING CO. v. HUDSON RIVER WATER POWER CO.

(Supreme Court, Special Term, New York County.   June, 1905.)

1. APPEAL—SECURITY—LIMITATION.

Code Civ. Proc. § 1312, provides that where an appeal is taken the court may make an order dispensing with or limiting the security required to stay the execution of the judgment, and that where the appellant is an executor or administrator, or acting in another's right, the security may be dispensed with or limited, and that the aggregate sum in which one or more undertakings are required to be given may be limited to not less than $50,000, where it would otherwise exceed that sum. *Held*, that in the discretion of the court a motion for an order limiting the amount of security to stay the execution of the judgment may be granted, though appellant does not act in another's right.

2. SAME—JURISDICTION TO GRANT MOTION.

The fact that a motion to limit the security had been made before an appeal, and denied, and no leave to renew obtained, was no ground why the motion could not be made on appeal.

Action by the National Contracting Company against the Hudson River Water Power Company.   Motion by defendant, under Code Civ. Proc. § 1312, to limit the amount of security to stay the execution of the judgment.   Motion granted.

See 70 N. Y. Supp. 585.

Kellogg & Rose (L. Laflin Kellogg, of counsel), for plaintiff.
Richard L. Hand (William N. Cohen, of counsel), for defendant.

GIEGERICH, J.   The plaintiff, after a trial before a referee, recovered judgment against the defendant for $554,680.43, from which the latter has appealed, and now moves, under section 1312 of the Code of Civil Procedure, for an order limiting the security required to stay the execution of the judgment pending the appeal to the sum of $50,000, and staying execution until security in such limited amount may be given.   The section upon which the defendant relies in making the motion is as follows:

"Sec. 1312. Where an appeal is taken, as prescribed in title second or fourth of this chapter, the court, in or from which the appeal is taken, or where an appeal is taken as prescribed in title third or fifth of this chapter, the court, to which the appeal is taken, may, in its discretion, make an order upon notice to the respondent, dispensing with or limiting the security required to stay the execution of the judgment or order appealed from as follows:   (1) Where the appellant is an executor, administrator, trustee or other person acting in another's right, the security may be dispensed with or limited in the discretion of the court.   (2) The aggregate sum in which one or more undertakings are required to be given may be limited to not less than fifty thousand dollars, where it would otherwise exceed that sum."

The first question is whether this section applies only to a case where the appellant is an executor, administrator, trustee, or other person acting in another's right, or whether the two subdivisions of the section contemplate two entirely different classes of cases; the first subdivision, which authorizes the court to dispense altogether with security, applying in this view only to appellants acting in a representative capacity, while the second subdivision, which authorizes only a modification of the security, applies to all cases,

irrespective of the capacity of the appellant, where a proper case is made out appealing to the discretion conferred upon the court by that subdivision. On behalf of the plaintiff it is argued that the Court of Appeals, in Butler v. Jarvis, 117 N. Y. 115, 22 N. E. 561, construed this section adversely to the defendant's claim. In that case, after quoting the section in question, the court observed, at page 117 of 117 N. Y., page 562 of 22 N. E.:

"The defendant plainly does not bring himself within this section. In defending the action and bringing the appeal he is not acting 'in another's right.' * * * The judgment appealed from is against him individually and as committee, and he is bound in his own right to the extent of his property or ability to pay it. To bring himself within this section, he should have shown that he was defending the rights of the lunatic or his representatives, and that he was acting in their right and not in his own."

This language might seem, at first glance, to hold that neither subdivision of the section applies to appellants other than those acting in a representative capacity, but an examination of the facts in the case shows that an attempt was there made to bring the appellant within subdivision 1, and that the order made had dispensed with security. In my opinion, the effect of that decision is accurately expressed in the official headnote, which is as follows:

"To bring himself within the provision of the Code of Civil Procedure (section 1312) authorizing an appellate court in its discretion to dispense with the security required to stay execution upon a judgment appealed from where the appellant is an executor, administrator, trustee, or other person acting in another's right, 'the appellant must show that he is defending such right.' "

There are good reasons manifest why the Legislature should have intended to make a distinction between two classes of appellants, allowing the court to dispense altogether with security in the one case and restricting its discretion in the other case to reducing the security to a minimum amount in instances where it would "otherwise" (that is to say, under the usual rule as to security) exceed that sum. Cases might easily arise where a representative would be unwilling or unable to furnish any security necessary to effect a stay of execution of the judgment, but where, nevertheless, justice might require that such a stay be granted pending an appeal. On the other hand, while a case could hardly arise in which an appellant acting in his own right would not be able to furnish a certain amount of security, it might easily result, where the judgment was one of great size, that there would be an inability to give the full and ordinary amount of security. It should further be observed that unless the Legislature had the intention of providing for two separate classes in the two subdivisions, and not a single class, namely, appellants acting in a representative capacity, it is difficult to see why, after conferring upon the courts plenary discretion in the first subdivision to either limit or dispense entirely with security, it should, in the second subdivision, impose restrictions upon such discretion in limiting the security, leaving it still unrestricted in the matter of dispensing with security. My conclusion is, therefore, that the court has jurisdiction to entertain this motion in its discretion. A preliminary objection is made that this same motion has

been previously denied by another judge, and that no leave to renew has been obtained. It is undisputed, however, that that motion was made before the appeal was taken, and consequently the case was obviously not within the section relied upon, which begins with the words "Where an appeal is taken." There is nothing in the memorandum handed down on the former application, nor in the order itself, to show that the judge making that decision intended or needed to hold anything more than that an appeal must be taken before the moving party could in any way invoke the section.

Coming now to the merits of the motion, I am of the opinion that a proper case is made out for the exercise of the power conferred by subdivision 2, above quoted. The defendant's plant, its power house and its dam across the Hudson river, are situated within this state, and are already subject to the lien of the judgment; and it does not appear that there is any other property which could be reached in any event. There is a dispute as to the financial condition of the defendant, it being claimed on the one hand that it is insolvent, and on the other hand that the bankruptcy proceedings which have been instituted against it were brought by the plaintiff in an attempt to enforce payment of this enormous judgment without an opportunity to appeal being afforded. There are some circumstances shown which indicate great zeal on the part of the plaintiff to throw the defendant into bankruptcy, but I do not undertake on this motion to determine this question, or what may be the significance and motive of the course taken by the plaintiff in the bankruptcy proceedings. Upon the whole case I am of the opinion that some reduction should be made in the amount of security required, but do not think it should be to so small an amount as the defendant seeks, namely, $50,000. If security for $200,000 of the judgment is required, necessitating a bond in the penal sum of double that amount, it will, on the one hand, in all probability, more than compensate the plaintiff for any loss due to delay in being allowed to take steps for the collection of the judgment, if it is finally affirmed, and, on the other hand, will materially relieve the difficulties under which the defendant labors, and place more easily within its reach the obtaining of security necessary to stay execution pending the appeal. This relief is granted on the express condition that there shall be no application to suspend the lien of the judgment upon the defendant's real estate.

Motion granted as indicated, with $10 costs to abide the event. Settle order on notice.