[No. 5946.]

## COUNTY OF WASHINGTON v. MURRAY.

1. **Appeals—Where Appeal Lies**—An appeal lies from the judgment of the district court to the supreme court under § 803 Mills' Ann. Stats., in an appeal from the order of the county commissioners, disallowing a claim.—(119)

2. **Actions—Special Proceedings**—An appeal to the district court from the order of the county commissioners disallowing a claim against the county is an ordinary action.—(119)

3. **Judgment—Vacating—Modifying** — Where a judgment is vacated and a different amount awarded, the latter is the final judgment, and an exception thereto entitles the aggrieved party to assign error thereon.—(120)

4. **Exceptions — Where Necessary** — An exception taken to the final judgment suffices, though none was taken to a previous award of damages, afterwards vacated.—(120)

5. **Appeals — From County Commissioners** — Under Mills' Ann. Stats., § 803, an appeal can be taken only from a definite and certain order disallowing the claim. An order upon a claim for $300 allowing $50 "in full payment of the claim" is not of this character.—(121)

6. **Jurisdiction—Appeal**—Where, upon a cause of action of which the district court has original jurisdiction, the parties go to trial in that court without objection, the defeated party will not, upon appeal, be heard to question the regularity of the appeal by which the cause was brought to that court.—(122)

7. **Criminal Law—Allowance to Counsel of Indigent Defendant**—Under Mills' Ann. Stats., §§ 1025, 1026, only one fee is to be allowed a counsel assigned to defend several defendants in one information, not exceeding the maximum prescribed by the statute. An order of the district court allowing a sum in excess of the statutory maximum is beyond its authority.—(124)

*Appeal from Washington District Court*—Hon. E. E. ARMOUR, Judge.

Mr. EGBERT MORE, for appellant.

Messrs. STUART & MURRAY, for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

May 5, 1904, appellee filed with appellant the following order of the district court within and for the county of Washington, to wit:

"State of Colorado, County of Washington—ss.

"In the District Court, No. 129.

"The People of the State of Colorado vs. George I. Tuttle, Perry Tuttle, D. W. Irwin, Frank Irwin, Elmer Shanks, and Clinton Dansdill.

"In this action Charles A. Murray, Esq., having been appointed by the court, upon proper showing, to defend as to the defendants Elmer Shanks, Frank Irwin and Clinton Dansdill, and the trial in said cause having been had, and said Murray having acted under such appointment;

"Now, therefore, it is ordered that his fees for so representing said defendants be and they are hereby fixed at the sum of one hundred dollars ($100) as to each defendant, making a total of three hundred ($300) for his services, the same to be paid by the county of Washington.

"By the court,    "E. E. ARMOUR, Judge."

At the same time he also filed his verified claim against said county in the sum of $300.00 for legal services rendered and designated under said appointment.

Thereafter by an order of the board of county commissioners, the amount of $50.00 was allowed on said claim and, as recited in said order, "in full payment thereof."

The warrant of the county in favor of appellee for this sum was transmitted to him by mail at Denver, and on January 21, 1905, he wrote the county clerk of Washington county acknowledging receipt of said warrant and asking for information as to why the warrant had been issued for only $50.00, stating that appellant understood that the district judge had entered an order allowing him $100.00 in the matter. It does not appear that any reply was made to this letter, but on March 6th, appellant presented another bill, duly verified, to Washington county for a balance of $250.00 as due him in said case as per said order of the district court.

April 6, 1905, this claim for balance was disallowed by an order of the board of county commissioners, from which order of disallowance appellee appealed to the district court.

There the matter was submitted for decision upon the transcript of record from the board of county commissioners embodying solely the order of court above set forth, the verified claim for $300.00, the order of the board of county commissioners allowing $50.00 thereon "in full payment thereof," the verified claim against the county for the balance of $250.00, the order of the board of county commissioners disallowing the same, two letters written by appellee to the county clerk that have no particular bearing upon this controversy, the notice of appeal and the appeal bond.

November 30th there was filed in the district court a judgment *nunc pro tunc* as of November 10th, finding the issues in favor of the appellee and against the appellant, and giving judgment accordingly in the sum of $300.00.

Thereafter, and as the record recited:

"In due time the county of Washington, by its counsel, filed its motion to set aside said judgment and for a new trial."

December 11, 1905, the cause was heard upon this motion and the court modified the judgment of November 10th, by reducing it to $250.00 and decreed, "that this judgment (of December 11th) take the place of the original judgment rendered herein." This judgment was properly excepted to and from it this appeal is prosecuted.

Appellee, however, has filed a motion to dismiss this appeal. He contends that there is no provision in the statutes granting the right of an appeal in such cases to this court. That the filing of a claim with county commissioners and their action on the same, together with an appeal therefrom is a special statutory proceeding and no appeal can be taken not specially provided for, and that § 802, Mills' Ann. Stats., provides for one appeal only, that from the board to the district court. He further contends that the judgment of the district court was never excepted to.

These questions having been raised by appellee it is essential that they be disposed of before we advance to a consideration of the points presented and argued by appellant, for, if these be well taken, the appeal must be dismissed.

Appellee argues that appeals from boards of county commissioners to the district court in assessment matters, and appeals to the same court in cases like the one at bar are analogous to such an extent

that they should in all respects be governed by the same rules; and as no appeal nor writ of error can be prosecuted from a judgment of the district court upon an appeal from a board of county commissioners in assessment matters, none can be prosecuted in matters like the one at bar, and cites the following cases to sustain his position, to wit: *Pilgrim C. M. Co. v. Teller County*, 32 Colo. 334; *Pilgrim Consolidated Mining Co. v. The Board of County Commissioners of Teller Co.*, 20 Col. App. 311; *The Board of Co. Com. of Teller County v. The Pinnacle Gold Mining Co.*, 36 Colo. 492, 85 Pac. 1005.

If the same rule governs in the case at bar as in assessment appeals, then these decisions necessarily determine this case. But we are clearly of the opinion that a different rule applies. The proceeding under consideration is an action at law and must be determined, not by a special statutory provision, but by the provisions of the Code, § 388, applicable to all judgments of the district court in *cases* there disposed of.

The district court had original jurisdiction of this case. It was brought into that court under and by virtue of a provision of the statute that it should be tried the same as an appeal case from justice courts to county courts.—Mills' Ann. Stats., § 803. It is classed, not as a special proceeding, but as a case.

This distinction is clearly pointed out and recognized in the decisions of this court. In the *Board of County Commissioners v. Denver Union Water Company*, 32 Colo. 382, in speaking of the assessment act, this court says:

"The proceeding here is neither an action at law, nor a suit in equity, but is a special statutory proceeding. It is well settled that neither a court of common law nor a court of equity has the power to give relief against the erroneous judgments of assess-

ing bodies, except as they may be specially empowered by law to do so.—2 Cooley on Taxation (3d ed.) 1382, *et seq.* The statute under consideration is the source and measure of the power and jurisdiction both of the board of commissioners and the district court, to afford relief to a complaining taxpayer. The remedy thereby given is purely statutory, and exists only because the statute gives it. Thereunder the district court has not original jurisdiction of the subject-matter of the controversy contemplated, which is the alleged unjust assessment, and could not, in the first instance, but only by appeal, entertain the petition of one bringing his case within it. Whatever the rule may be in civil actions at law or in equity, which for this state is as declared in *Mackey v. Briggs,* 16 Colo. 143, it does not govern appeals from an assessing board under this act, which provides for a special procedure in which the practice is clearly defined. The doctrine is tersely stated by Judge Cooley, who says that the rule is well established that where an appeal is allowed to any court from an assessing body, whatever the grade of the court, it is one of limited jurisdiction for such purpose, and must keep strictly within it.''

This court has by constitutional provision, jurisdiction to review the final judgment of the inferior courts of record in all civil and criminal cases, and unquestionably has jurisdiction of this appeal.—§ 2, art. 6, Colo. Constitution.

We do not consider the contention of appellee that the judgment was never excepted to, as sound. He does not contend that the judgment of December 11th was not properly excepted to, but argues that the final judgment was the one filed November 10th. The November judgment was not final. The trial court was induced to make another and later judgment to dispose of the subject-matter and expressly

recited in such latter judgment that it should "take the place of the original judgment" in the case. To this judgment a proper exception was taken and an appeal prayed. The original judgment thereupon became as though it had not been. The court saw fit to modify its first judgment, the judgment as modified is necessarily the final judgment.

Appellant's first assignment of error is that, "the trial court was without jurisdiction of the subject-matter," and he argues that a party when once his claim has been presented to the board of county commissioners and disallowed in whole or in part, cannot again present the same or the unallowed portion of such claim for a second or later action thereon by said board, and that the appeal having been taken long after the expiration of thirty days after the first action of the board of county commissioners upon said claim or demand, failed to vest in the district court, to which said appeal was taken and where the same was tried, jurisdiction of the subject-matter.

To this contention there are, at least, two sufficient answers. First, the action of the board did not definitely disallow the $250.00 of the claim for $300.00, but, on the contrary, allowed $50.00 "in full payment of the claim." By implication it might be said that this is a disallowance of the remainder; but an appeal must be from a definite and certain finding or order of disallowance in whole or in part, and we do not consider the order in question to be of that character.—Mills' Ann. Stats., § 802. Second, the nature of this claim is such that the district court would have had original jurisdiction if, instead of appealing, appellee had brought his suit in that court. —*Board of Co. Com. of Park Co. v. Locke,* 2 Col. App. 508, 512; *Board of Co. Com. of Pitkin Co. v. Brown,* 2 Col. App. 473, 475; *Wasson v. Hoffman,* 4 Col. App. 491, 492.

And the fact that a portion of his claim had been allowed would not have precluded him from an·original action in the district court for the balance or remainder thereof.—*Board of Co. Com. of Lake Co. v. Glynn,* 19 Col. App. 233, 234.

Appellant in no wise raised the question of jurisdiction in the court below. No suggestion or intimation by motion, demurrer or otherwise brought the matter to the attention of the trial court. Appellant saw proper to submit the cause upon its merits and go to trial, and cannot now complain of any supposed irregularity in getting before that tribunal.—*Lyon v. Washburn,* 3 Colo. 201; *Smith et al. v. District Court,* 4 Colo. 235; *Hardenbrook v. Harrison,* 11 Colo. 9, 11; *Edwards v. Smith,* 16 Colo. 529, 530.

This brings us to a consideration of assignment No. 3, the only remaining one which we deem it necessary to discuss, which is as follows:

"The trial court erred in rendering judgment against appellant for any sum whatever."

The statute fixing and controlling allowances for defending persons charged with crimes is as follows:

"§ 1025, Mills' Ann. Stats.—That in all indictments for crimes or misdemeanors in any of the district courts of this state, where by reason of the inability of the defendant or defendants to employ counsel, the court may assign him or them counsel for his or their defense, it shall be the duty of the court so assigning counsel to· allow him a fee, to be paid out of the county treasury of the county wherein such indictment may be found; *Provided,* That but one fee shall be allowed to counsel in any one case.

"§ 1026, Mills' Ann. Stats.—No fee allowed to counsel appointed as above provided for shall exceed twenty dollars in any case where the defendant is indicted for a misdemeanor. In all cases of indictment for the commission of a felony, the punishment

for which is imprisonment in the penitentiary, the amount of the fee to be allowed to counsel so to be assigned, shall not exceed thirty dollars. In all cases of indictment for felony, the punishment for which is death, the amount of said fee shall not exceed fifty dollars.''

This cause, as all other causes, must be determined by the record before this court, and, while it is stated in the brief of appellee that there were six different informations and appellee was appointed under all of these informations and acted under the appointment, there is nothing in the record to disclose this. On the contrary the order of the court is in case No. 129, and an inspection of the order set forth above and the entire record show one case with three defendants, not six cases. If appellee was appointed in six cases, five of them are not before this court. So the question resolves itself into a consideration and application of the statutes above quoted, fixing and controlling allowances by the court to attorneys representing indigent defendants.

Section 1025, *supra*, expressly says: ''but one fee shall be allowed to counsel in any one case.''

The order of the court designates the cause as No. 129, speaks of it as ''this action'' and says the ''trial in said cause'' having been had, and then orders that ''his fees for so representing said defendants'' be and they are hereby fixed at the sum of $100.00 for each defendant. Representing said defendants, where? In case No. 129 and none other. Clearly this order was beyond the power of the court to make. For assuming that the case against the indigent defendants was a felony, the punishment of which was death, though the record does not disclose the nature of the charge, the maximum fee which the court could allow was fifty dollars. Not one hundred dollars for each defendant, nor $50.00 for each de-

fendant, but one fee of $50.00 in the case.—§ 1026, Mills' Ann. Stats.

In *Board of Co. Com. of Lake Co. v. Glynn, supra,* the statute authorizing the court to assign counsel to indigent persons indicted for crimes or misdemeanors is considered, and, while the particular question involved here is not there considered, there the appointment being in a case against but one defendant and at a time when capital punishment was unauthorized in this state, yet that decision has bearing upon the matter now under consideration and is opposed to the views of appellee.

Whatever may be said of the wisdom of the legislative enactment, in view of the known fact that many murder cases take much time for proper preparation and trial and call for the exertion of great skill and labor upon the part of counsel, this court cannot be influenced thereby. The law must be declared and applied as it is, even though in so doing an injustice is done a litigant. The district court clearly had no authority to allow a greater sum than fifty dollars in any one case, and, the appellee having received that sum for his services in case No. 129, the district court exceeded its authority in adjudging to him a greater sum in that case, and the judgment in this cause must therefore be reversed, and it is so ordered.                                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.