# M. FRED v. SIMON SEGAL.[1]

May 29, 1913.

Nos. 18,131—(138).

**Review — record.**

    1. This court cannot review the action of a trial court unless the record presented is properly authenticated.

**Motion to vacate judgment — laches.**

    2. An unexcused delay of nearly two years before moving to set aside a judgment is a sufficient ground for denying the motion.

Action in the municipal court of Minneapolis to recover $495. The case was tried before Charles L. Smith, J., who directed a verdict in favor of defendant, and judgment was entered pursuant to the verdict. From an order denying plaintiff's motion to vacate the judgment and for a new trial, he appealed. Affirmed.

*A. C. Middlestad,* for appellant.

*Frank E. Reed,* for respondent.

TAYLOR, C.

At the trial of this action in the municipal court of the city of Minneapolis, on December 17, 1909, a verdict was directed for the defendant. A "case" was settled and allowed on May 3, 1910, but no motion for a new trial having been made, judgment was entered on the verdict on September 6, 1910. The plaintiff appeared and opposed the entry of judgment but took no further action until some time in August, 1912, nearly two years thereafter. On August 30, 1912, the plaintiff made a motion that the judgment entered on September 6, 1910, be set aside and vacated, and that judgment be rendered in favor of the plaintiff or that a new trial be granted. From the order denying this motion he appeals.

There is no certificate from either the judge or the clerk of the trial court that the record presented here contains the evidence sub-

[1] Reported in 141 N. W. 806.

mitted to or considered by that court upon the motion to vacate the judgment. This court cannot review the action of another court unless the record presented be properly authenticated as containing the evidence and other matters considered and passed upon by that court. Hospes v. Northwestern Mnfg. & C. Co. 41 Minn. 256, 43 N. W. 180; Spurr v. Spurr, 108 Minn. 521, 121 N. W. 121; Purvis v. Roholt, 95 Minn. 502, 104 N. W. 551; Murphy v. Holterhoff, 72 Minn. 98, 75 N. W. 4.

As plaintiff with full knowledge of the judgment delayed nearly two years before moving to set it aside, and offered no excuse for such delay, his motion was properly denied upon the ground of his laches. Eisenmenger v. Murphy, 42 Minn. 84, 43 N. W. 784; Seibert v. Minneapolis & St. Louis Ry. Co. 53 Minn. 72, 59 N. W. 828; Dillon v. Porter, 36 Minn. 341, 31 N. W. 56.

The order appealed from is affirmed.