FIDELITY-PHILADELPHIA TRUST COMPANY v. HAROLD P. BROWN AND OTHERS.[1]

April 17, 1930.

No. 27,804.

[1]Reported in 230 N. W. 780.

*Harris Richardson,* for appellants.
*Kingman, Cross, Morley & Cant,* for respondent.

TAYLOR, C.

Plaintiff is the trustee under a mortgage in the form of a deed of trust upon the property in the city of Minneapolis known as the West Hotel. Defendant West purchased the property from the trustee in bankruptcy of the former owner and became the owner of it subject to the encumbrances thereon. Defendant Wood was the owner and holder of a second mortgage on the property in the sum of $120,000. She foreclosed her mortgage and at the sale thereunder, held August 6, 1928, bid in the property for the sum of $47,500.

On May 6, 1929, plaintiff obtained a judgment decreeing that its mortgage be foreclosed, that the property be sold by the sheriff, and that the proceeds of the sale over and above the expenses thereof be applied upon the amount due under the mortgage which was fixed at the sum of $836,370.28. At the sale held July 29, 1929, plaintiff bid in the property for the sum of $775,000. On August 16, 1929, plaintiff presented the sheriff's report of sale to the court and asked that the sale be confirmed. On objections thereto made by defendants West and Wood, the court made an order denying the application to confirm the sale and directing:

"That a resale of said property be had, and that, subject to such further order as the court may make herein, the notice of said sale

describe the property to be sold as follows: [Giving a description of the real estate] and that said property be sold in one parcel."

Defendants West and Wood appealed from this order.

Plaintiff insists that the order is not appealable. Appellants insist that it amended the judgment of foreclosure and is appealable for that reason.

The somewhat lengthy description of the real estate is followed in plaintiff's mortgage by this:

"together with all the leases, rents, issues and profits of all of said premises, all rights of reversion, re-entry and forfeiture, and all other rights of every sort or description in and to said premises and every part thereof that now are or hereafter may be held, possessed, acquired or enjoyed by the parties of the first part, or by their executors, heirs, administrators or assigns, including [giving a list of fixtures, machinery etc.] all of which for the purpose of this conveyance are intended and agreed to be a part of said real estate and shall be deemed, as between the parties to this instrument, a part of the realty hereby mortgaged."

The judgment described the property exactly as described in the mortgage and directed that the same, "or so much thereof as shall be necessary, be sold by the sheriff" as provided by law. The form of the notice of sale prescribed by the order directing a resale described the real estate as described in the mortgage and judgment, but omitted the provision beginning with the words, "together with all the leases," above quoted.

Stores on the ground floor of the building and other space had been leased to divers tenants at rentals aggregating $2,500 or more per month. Before bringing the action to foreclose its mortgage plaintiff brought actions to collect these rentals, one of which was brought to this court. Fidelity-Philadelphia Tr. Co. v. West, 178 Minn. 150, 226 N. W. 406. A more complete statement of the facts will be found in that case. It was there held that plaintiff's mortgage did not give plaintiff the right to collect these rentals to apply on the principal or interest of the mortgage debt, but did give it the right to have them applied in payment of taxes and other claims

which it was the duty of the mortgagors to pay for the purpose of preserving the security to which plaintiff was entitled under the mortgage.

The clause in respect to leases in the first mortgage is not in the second mortgage held by defendant Wood. She and defendant West insist that under the judgment they are entitled to have the leases sold separately and that the order directing that the property be sold as one parcel operated to amend that judgment. We cannot sustain this contention.

The property consists of a single parcel, and the statutory provisions to the effect that where the property mortgaged consists of separate and distinct parcels they shall be sold separately have no application here. The judgment describes the property as described in the mortgage, including the provision therein which declares that leases, rents and profits shall be deemed to be a part of the realty as between the parties to the mortgage. The judgment does not direct that the leases be sold separately. It simply contains the usual provision that the property, or so much thereof as shall be necessary, be sold by the sheriff according to the provisions of law relating to the sale of real estate on execution and that the sheriff make report thereof to the court. It cannot be given effect as authorizing a sale of the leases separately as choses in action. It authorizes and directs a sale of the real estate. Nothing more. The rentals are an incident to the real estate and follow the title. If the mortgage be foreclosed and title to the real estate vests in the purchaser at the sale, the right to the rentals that accrue thereafter will pass to such purchaser. Boeing v. Owsley, 122 Minn. 190, 142 N. W. 129; State v. Royal Mineral Assn. 132 Minn. 232, 156 N. W. 128, Ann. Cas. 1918A, 145; Orr v. Bennett, 135 Minn. 443, 161 N. W. 165, 4 A. L. R. 1396; O'Brien v. Liberty Min. Co. 164 Minn. 186, 204 N. W. 625. See also St. Paul Tr. Co. v. U. S. Cereal Co. 165 Minn. 252, 206 N. W. 385.

The order directing the resale was authorized by G. S. 1923 (2 Mason, 1927) § 9641; and directing that the property be sold as one parcel was proper under the circumstances of this case.

The order did not amend or change the judgment nor purport to do so. It was a mere procedural order which did not determine any substantial right and is not appealable.

Appeal dismissed.