## FIDELITY-PHILADELPHIA TRUST COMPANY v. HAROLD P. BROWN AND OTHERS.[1]

October 24, 1930.

No. 27,996.

*Harris Richardson,* for appellants.

*Kingman, Cross, Morley & Cant,* for respondent.

[1] Reported in 232 N. W. 740.

Wilson, C. J.

The appeal is from an order confirming a sheriff's mortgage foreclosure sale.

The West Hotel in Minneapolis was mortgaged for $750,000. The mortgage was foreclosed. There was then due $836,370.28. Anticipating the sale by the sheriff, H. J. West, the appellant, served upon the sheriff an affidavit claiming the 85 feet of the premises on Hennepin avenue to be his homestead and demanding that the nonexempt portion be sold first. The sheriff refused to recognize Mr. West's claim and sold the premises in one parcel.

■ The notice of motion did not state the papers upon which the motion would be based. It naturally rested upon the report itself. Possibly the court considered all the files in the case. The respondent asks for an affirmance because: (1) There is no settled case or bill of exceptions; (2) there is no certificate of the trial judge that the record as presented contains everything that was considered on the motion; (3) there is no certificate of the clerk of the trial court that all the files, records, and proceedings have been returned. These things were formerly required. Radel v. Radel, 123 Minn. 299, 143 N. W. 741; Hospes v. N. W. M. & C. Co. 41 Minn. 256, 43 N. W. 180; Murphy v. Holterhoff, 72 Minn. 98, 75 N. W. 4; Fred v. Segal, 122 Minn. 43, 141 N. W. 806. There are other cases stating the same rule. But G. S. 1923 (2 Mason, 1927) § 9493, provides for the clerk of the trial court forwarding to this court the original files in the case. In cases of this character, where no testimony is involved, we, having the original files, no longer require such settled case, bill of exceptions, or certificates. Of course if there is any controversy as to the original files' being authentic or complete, a certificate of the clerk of the lower court will be in order. Good practice would require such clerk's certificate in all cases where he forwards the original files.

■ Where a homestead is subject to a mortgage which covers other real estate, the owner is entitled, upon seasonable demand, to have the property other than the homestead first sold to pay the mortgage debt. Mulroy v. Sioux Falls T. & S. Bank, 165 Minn. 295,

394

206 N. W. 461; Carson v. Carson, 168 Minn. 227, 209 N. W. 507; Robert Moody & Son v. Century Sav. Bank, 239 U. S. 374, 36 S. Ct. 111, 60 L. ed. 336. This rule rests upon equitable principles and will not be enforced to the displacement of the countervailing equities. Miller v. McCarty, 47 Minn. 321, 50 N. W. 235, 28 A. S. R. 375.

The homestead to be so protected must be "compact in form and shall be so made as not unreasonably to affect the value of the remaining part." G. S. 1923 (2 Mason, 1927) § 9649. The rule is that all property is liable for debts. The exempt character of a homestead makes it an exception to the rule. The burden is therefore upon the debtor to establish the existence of his alleged homestead and to show that it comes within the statutory requirement. Von Hemert v. Taylor, 76 Minn. 386, 79 N. W. 319; Phelps v. Western Realty Co. 89 Minn. 319, 94 N. W. 1085, 1135; Lloyd v. Frank, 30 Wis. 306.

The West Hotel is a seven- or eight-story brick, stone, and concrete building on Hennepin avenue at Fifth street in Minneapolis. It is a hotel building and has been used for such purpose for many years. It has stores on the ground floor facing Hennepin avenue. The building substantially covers the ground, which is 169.95 feet on Hennepin avenue and 220 feet on Fifth street. The portion claimed as a homestead is the entire Hennepin avenue frontage to a depth of 85 feet. This includes the Hennepin avenue entrance to the hotel lobby. The record does not disclose the depth of the stores, the portion of the lobby included, nor the practicability of severing the hotel rooms when considered from the standpoint of partitions, accessibility, heating, water, or sewage.

Obviously the chief value of this property consists in its entirety. There is but one building, constructed for one principal purpose— a hotel. To be successfully used as a hotel it should be sold as a whole. Appellant has not established that his selection was "compact in form and so made as not unreasonably to affect the value of the remaining part." As against a mortgagee the statute never contemplated such a procedure. First Nat. Bank v. How, 61 Minn.

238, 63 N. W. 632; Parkhurst v. Cory, 11 N. J. Eq. 233; McFadden v. Mays L. & E. H. C. R. Co. 49 N. J. Eq. 176, 22 A. 932; Coudert v. DeLogerot, 77 Hun, 610, 30 N. Y. S. 114.

The property was sold for $790,000, leaving a deficiency of $63,728.96. Appellant makes no effort to show that his request for a sale in separate parcels would have been beneficial. Prejudice cannot be presumed. The propriety of the sheriff's acts can be presumed. Phelps v. Western Realty Co. 89 Minn. 319, 94 N. W. 1085, 1135; Lloyd v. Frank, 30 Wis. 306.

The record supports the conclusion that appellant did not make a showing which would authorize the conclusion that his claimed homestead was compact in form and so selected as not unreasonably to affect the value of the remaining part. Nor did he show that he was prejudiced.

Affirmed.