## FIDELITY-PHILADELPHIA TRUST COMPANY v. HAROLD P. BROWN AND OTHERS.[1]

November 14, 1930.

No. 28,099.

[1]Reported in 233 N. W. 10.

*Harris Richardson,* for appellants.
*Kingman, Cross, Morley & Cant,* for respondent.

HOLT, J.

Defendants H. J. West and Helen E. Wood appeal from the amended judgment of foreclosure of a $750,000 mortgage upon the premises known as the West Hotel in Minneapolis, Minnesota. Appeals in this foreclosure proceeding have been disposed of in 178 Minn. 150, 226 N. W. 406; 180 Minn. 173, 230 N. W. 780; and 181 Minn. 392, 232 N. W. 740.

Plaintiff's mortgage, in the form of a trust deed, to secure payment of 750 $1,000 bonds, is a first lien upon the premises known as the West Hotel in Minneapolis, fronting 170 feet on Hennepin avenue and 220 feet on Fifth street. It was owned by defendant Helen E. Wood until conveyed, about May 1, 1927, to defendant Harold P. Brown, who, his wife joining, executed the mortgage or trust deed to plaintiff. Thereafter, on May 17, 1927, the Browns conveyed the premises to West Hotel, Incorporated, and that corporation, about the same date, executed a mortgage to defendant Helen E. Wood to secure the payment of $120,000. The last mortgage was made subject to plaintiff's mortgage. These mortgages and conveyances were properly recorded, and it is conceded that plaintiff's mortgage became a first lien and defendant Wood's mortgage a second lien upon the premises known as the West Hotel. There was a default in defendant Wood's mortgage, and she foreclosed by advertisement, the sheriff's certificate of sale to her bearing date August 6, 1928. After the West Hotel, Incorporated, gave the mortgage to Helen E. Wood it became a bankrupt, and the trustee in the bankruptcy proceeding, in disposing of the assets of the bankrupt, conveyed the West Hotel property to defendant H. J. West on October 23, 1928. This action was begun in the first part of October, 1928. All parties interested in the property were made parties and duly served with summons. All defaulted except Helen

E. Wood and H. J. West, who was brought in as a party defendant after he purchased from the trustee in bankruptcy. Such proceedings were thereafter had that a judgment of foreclosure was rendered on May 6, 1929, wherein $836,370.28 was declared to be the amount due plaintiff, and the premises were directed to be sold as provided by statute. In October, 1929, appellants noticed a motion to amend the findings so as to eliminate certain taxes included in the amount found due in the judgment, and plaintiff consented that they be eliminated. The court made findings accordingly, and on November 5, 1929, this decree was entered from which this appeal is taken:

"The above entitled matter came on for hearing before the above named court on the 2nd day of November, 1929, on motion of defendants H. J. West and Pearl A. West, his wife, and Helen E. Wood to vacate the judgment and decree herein and amend the findings of fact, conclusions of law and order for judgment in certain particulars set forth in their notice of motion, and the court, after considering the written consent of the plaintiff filed herein and being fully advised in the premises, did on the 5th day of November, 1929, duly make and file its order amending the findings of fact, conclusions of law and order for judgment and judgment and decree herein.

"Now pursuant to said order, it is hereby adjudged and decreed that the judgment and decree herein entered on May 6, 1929, is amended by striking out in the first paragraph thereof the words and figures, 'Eight hundred twenty-seven thousand nine hundred fifty-two and 76/100 dollars ($827,952.76), together with interest thereon at the rate of six per cent (6%) per annum from the said 5th day of March, 1929, to the 6th day of May, 1929, amounting to eight thousand four hundred seventeen and 52/100 dollars ($8,417.52), amounting in all to the sum of eight hundred thirty-six thousand three hundred seventy and 28/100 dollars ($836,370.28),' and inserting in lieu thereof the following words and figures, 'Eight hundred ten thousand two hundred seventy-three and 89/100 dollars ($810,273.89), together with interest thereon at the rate of six

per cent (6%) per annum from the said 5th day of March, 1929, to the 6th day of May, 1929, amounting to eight thousand one hundred two and 73/100 dollars ($8,102.73), amounting in all to the sum of eight hundred eighteen thousand three hundred seventy-six and 62/100 dollars ($818,376.62).'

"It is further adjudged and decreed that the second paragraph of the judgment and decree herein is amended by striking out the words and figures, 'and said eight hundred thirty-six thousand three hundred seventy and 28/100 dollars ($836,370.28),' and inserting in lieu thereof the words and figures, 'and said eight hundred eighteen thousand three hundred seventy-six and 62/100 dollars ($818,376.62).' "

On the same day that this modification decree was entered, being next to the last day to appeal from the original judgment, appellants appealed from the latter. On January 6, 1930, appellants dismissed that appeal, and this court entered an order dismissing it of record. Appellants then waited until May 5, 1930, when they took an appeal from the decree entered November 5, 1929, above set out. In the meantime a sale was had under the original judgment as amended, which sale was duly confirmed by the court below and its action affirmed on appellants' appeal by this court, the opinion being filed October 24, 1930. [181 Minn. 392, 232 N. W. 740.]

Respondent makes the point that the appeal from the so-called decree of November 5, 1929, presents nothing of which appellants can complain. They wanted the tax items included in the judgment of May 6, 1929, eliminated, and upon plaintiff's consent they were eliminated. In no other respect was the prior judgment altered. We think the point is well taken. The practice followed in the court below was perhaps peculiar, but we have to accept what was done as the basis for our decision. There was an appeal from the judgment of May 6 pending when the order for the amendment thereof and the decree thereon of November 5 was entered. The former judgment was not vacated or set aside, nor was a new final judgment rewritten or re-entered. Had that been done respondent's

point could not have been urged successfully, because then there would have been but one judgment and that the one last entered.

On its face the so-called decree of November 5 is a mere order upon a summary application affecting a final judgment made after the entry thereof, and as such should be held in effect an order appealable within 30 days after notice of the filing thereof. So considered, appellants were not aggrieved thereby and could not appeal. The order was in their favor.

Another test to prove that the judgment of May 6, 1929, still remains the final judgment is that had appellants proceeded with their first appeal all the questions they now present could have been presented, for all were involved in the findings and judgment (of course they do not now urge error on the inclusion of the tax items) and respondent could not have moved to dismiss on the ground that the decree of November 5 either vacated or took the place of the judgment of May 6. In fact respondent could not have invoked the decree of November 5 for any purpose to defeat the hearing of appellants' assignments of error upon the merits on a question of law or fact involved in the trial of the case and the findings upon which said judgment of May 6 rests, save only the tax items mentioned.

An exactly parallel case has not been cited to our attention. Support for respondent's proposition is found in Alabama C. & N. Co. v. State, 54 Ala. 36; Savings & L. Society v. Horton, 63 Cal. 310; Spencer v. Troutt, 133 Cal. 605, 65 P. 1083; Chenoweth v. Chenoweth, 64 Ind. App. 260, 114 N. E. 988; Besser v. Alpena Circuit Judge, 155 Mich. 631, 119 N. W. 902; Agassiz v. Kelleher, 11 Wash. 88, 39 P. 228. We have no decision in point. Appellants rely on Mann v. Haley, 45 Cal. 63; Hayes v. Silver Creek & P. L. & W. Co. 136 Cal. 238, 69 P. 704; In re Estate of Potter, 141 Cal. 350, 74 P. 986; County of Washington v. Murray, 45 Colo. 115, 100 P. 588; Hewey v. Andrews, 82 Or. 448, 159 P. 1149, 161 P. 108; but the facts are not similar to those presented by this record.

A practice to prolong the statutory time for taking an appeal by making dilatory motions to amend a final judgment should not be

encouraged. An appellate court sometimes feels regret in disposing of an appeal without reaching the merits, but cannot do so in this instance. The only question which appeared to present some merit in appellant Wood's assignments of error was her right to foreclose her mortgage in this action. But she alleged and proved she had foreclosed it by advertisement. The other appellant, the only defendant who did not default, did not question the validity of her foreclosure by his answer, and plaintiff is not questioning the same and has no interest therein, so it does not appear that the appellant Wood is in any manner aggrieved.

The appeals are dismissed.

