IN RE ESTATE OF LOUISA KEES.
GEORGE A. KEES AND ANOTHER v. ARTHUR KEES.[1]

May 19, 1939.

No. 32,042.

[1]Reported in 285 N. W. 836.

*John C. Zehnder,* for appellants.
*Charles E. Nieman,* for respondent.

PETERSON, JUSTICE.

George A. Kees, individually and as representative of the estate of Louisa Kees, deceased, and Emma M. Kees appeal from a judgment of the district court dismissing their appeal from an order of the probate court which surcharged the representative's account with $2,921.76, the amount of a debt and interest owing by him and Emma M. Kees, his wife, to the estate. The appeal was dismissed upon the grounds that appellants failed to serve the appeal bond, which had been approved and filed, upon the appellee.

The order dismissing the appeal was filed on February 28, 1938. From the order appellants took an appeal, which we dismissed on November 14, 1938, without opinion upon the grounds that the order was not appealable upon the authority of In re Estate of Ploetz,. 186 Minn. 395, 243 N. W. 383. Meanwhile, appellants Emma M. Kees and George A. Kees, individually, made a motion below on June 28, 1938, to be permitted to amend the appeal from the probate court and to be relieved of their default in failing to serve the appeal bond. The motion was heard on July 1 and denied on July 2, 1938. Appellant George A. Kees, as administrator, has not made application of any kind to be relieved of such default. Judgment dismissing the appeal from the probate to the district court was entered below on December 8, 1938, from which this appeal was taken.

No point is made that appellants George A. Kees, individually, and Emma M. Kees have no interest to maintain the appeal of George A. Kees, as administrator. Appellants contend that it is not necessary, where the representative appeals, to serve the appeal bond on the appellee to perfect the appeal. L. 1935, c. 72,.

§ 166, as amended by L. 1937, c. 435, § 21 (3 Mason Minn. St. 1938 Supp. § 8992-166), provides that on appeal from the probate to the district court the appellant shall serve upon the appellee the appeal bond if one is required, and that "the appellant, other than * * * a representative appealing on behalf of the estate, shall file * * * a bond * * *." The necessity of filing and serving a bond by the representative depends on whether or not the appeal is on behalf of the estate. An appeal by a representative is on behalf of the estate when it is for the interest or advantage of the estate. Where the purpose of the appeal by the representative is to prevent or defeat payment of a claim due from him to the estate the appeal is not for the interest or advantage of, but is hostile and detrimental to, the interests of the estate. See, Case, Adm. v. Nelson, 22 Ind. App. 22, 52 N. E. 176; Butler v. Jarvis, 117 N. Y. 115, 22 N. E. 561; 3 Woerner, Am. Law of Adm. (3 ed.) § 546, p. 1864.

The sole purpose of this appeal was to wipe out the surcharge and defeat payment of a claim owing to the estate not only by the representative but his wife also. It was not an appeal on behalf of the estate, hence the representative should have filed an appeal bond, which the statute required him to serve on the appellee.

Appellants rely on In re Estate of Peterson, 197 Minn. 344, 267 N. W. 213, 104 A. L. R. 1188, in which we held that an appeal by an administrator from an order surcharging his account for losses caused the estate by his negligence is an appeal by him as representative and not as an individual. That case arose under 2 Mason Minn. St. 1927, § 8985(2), which provided, "in case any person other than the representative appeals, he shall execute a bond." The contention in that case was that the appeal was for the benefit of the administrator and not of the estate; hence it was an appeal taken by him personally and not as a representative. We simply held that an appeal taken by an administrator from an order concerning the settlement of his accounts is an appeal by him as representative within the meaning of that statute. The statute there involved did not contain any words qualifying the purpose of the appeal as determinative of the necessity of giving a bond. The difference between 2 Mason Minn. St. 1927, § 8985(2), and 3 Mason

Minn. St. 1938 Supp. § 8992-166, is that the former permitted an appeal by the representative without bond in all cases and the latter expressly limits the right of appeal without bond to cases where the representative appeals "on behalf of the estate." The words "on behalf of the estate" qualify the entire clause and indicate an intention to change the prior statutory law.[2]

■ An appeal from the probate court to the district court may be dismissed for the failure of appellant to comply with the require-ment of the statute that the appeal bond be served. In re Estate of Zebott, 203 Minn. 193, 280 N. W. 652.

■ There must be an affirmance as to appellant George A. Kees as administrator. The appellants George A. Kees, individually, and Emma M. Kees insist, however, that denial of their motion to be relieved of their default in failing to serve the appeal bond was error under our decision in In re Estate of Dahn, 203 Minn. 19, 279 N. W. 715.

In the Dahn case, the application for relief was made with dili-gence—on the same day it was discovered. Here diligence is want-ing. The motion to dismiss the appeal from the probate to the district court was made below on February 18, 1938, heard on the 26th, and the order of dismissal filed on the 28th. The motion and order were based on failure to serve the appeal bond as required by statute, to which appellants' attention was very definitely directed. They waited about four and one-half months (133 days) before moving to be relieved. Meanwhile the appeal from the order was pending in this court. The records and briefs were printed and filed. Appellants contended in their briefs that it was not necessary for the representative to serve the bond. Except for a claim of ignorance of the statutory requirement that the bond must be served on the appellee, appellants offered no excuse for the delay in moving for relief from their default. The claimed ignorance is directly contrary to their proved knowledge and is no excuse at all.

---

[2] See, *Explanation of Proposed Probate Code*, prepared and published by the Legislative Committee of the State Bar Association, p. 14, § 166, stat-ing that the new law "requires representative when appealing on his own behalf to file bond."

Motions for relief from defaults are in the sound discretion of the court and should be made with diligence. Denial of relief where there has been similar unexcused delay has been held not to be an abuse of discretion. Seibert v. M. & St. L. Ry. Co. 58 Minn. 72, 59 N. W. 828; Moot v. Searle, 165 Minn. 308, 206 N. W. 447. See, National Council v. Canter, 132 Minn. 354, 157 N. W. 586. The court was justified in denying the motion for lack of diligence.

On January 27, 1939, we filed an opinion in which we did not deal with the denial of the motion of the appellants George A. Kees, individually, and Emma M. Kees for relief from the default. This opinion will supply that omission and supersede the former opinion.

Affirmed.

MR. JUSTICE HILTON, being incapacitated by illness, took no part.

[1]Reported in 285 N. W. 830.